## J. B. Colt & Company v. Clay.

(Decided November 30, 1926.)

### Appeal from Letcher Circuit Court.

1. Evidence—Evidence is Inadmissible to Contradict Terms of Written Contract, in Absence of Fraud or Mistake.—In absence of fraud or mistake in execution of written contract, evidence is inadmissible to vary or contradict its terms.

2. Evidence—Parol Evidence as to Warranty and Agreement, Contradicting Written Contract of Sale, Held Inadmissible, where no Plea of Fraud or Mistake in its Execution was Made.—Evidence of verbal express warranty and agreement for seller to install carbide lighting plant, in direct contradiction of written instrument, held inadmissible, where purchaser did not claim that agent read written contract to him, or prevented him from reading it, or misrepresented its terms, or that it was mutually understood between parties to embrace any other matter than that embodied therein.

J. E. HAYS and GROVER G. SALES for appellant.

HAWK & LEWIS for appellee.

Opinion of the Court by Judge McCandless—
Granting appeal and reversing.

J. B. Colt & Company sued J. N. Clay on a promissory note for $335.75. In his answer defendant admitted the execution of the note, and in a second paragraph, which was made a counterclaim, pleaded that the note was executed as the deferred payment on a carbide lighting plant purchased from plaintiff. That at the time of its execution plaintiff's agent and salesman agreed to install same in his residence on twelve months' trial, and if it failed to give entire satisfaction that plaintiff would accept a return thereof and cancel the note; that it did not give satisfaction in that it did not furnish as strong lights as the contract provided for and used an excessive amount of carbide; that at the end of six months he notified plaintiff that the plant was not satisfactory and was held subject to its order, and asked a cancellation of his note. He also alleged that he had expended $53.00 for freight charges and $23.00 for installation, making a total of $76.00, and prayed that the note be cancelled and that he recover that amount. The affirmative allegations of the answer were traversed by the reply, which further relied upon a written contract of purchase filed with the pleading. This contract was in the form of an order for the generator and appliances, signed by the defendant and later accepted in writing by the plaintiff at its Chicago office. It directs the articles to be shipped "f. o. b. factory or warehouse, . . . " and makes no reference whatever to the payment of freight or the cost of installation, and provides for payment within one year, the purchaser to execute a note for the amount of the order on a form prescribed by the company upon notice of its acceptance of the contract, the note not to bear interest for twelve months from the date of the contract. Also the following express warranty is embodied in the order: "It is agreed that in accepting this warranty the company warrants the apparatus to be a highly durable galvanized steel acetylene generator, automatic in action and of good material and workmanship, and that it is on the preferred list of the National Board of Fire Underwriters." And the following stipulation: "This order shall become a contract between the purchaser and the company upon its acceptance thereof in the space below by an officer or credit manager of the said company at

its office in New York, N. Y., it being understood that this instrument upon its acceptance covers all of the agreements between the purchaser and the company and that no agent or representative of the company has made any statements, representations or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order the contract so made cannot be cancelled, altered or modified by the purchaser or any agent of the company or in any manner except by agreement between the purchaser and the company by one of its officers.'' This was controverted by rejoinder.

Defendant testifies that he signed this order, but says he did not read it at the time; says he told the salesman that he was not able to buy the plant, and the salesman said, ''You have a nice home. I would like to put one in here to demonstrate with; you will have twelve months to try it and if it don't prove satisfactory it won't cost you one cent to try it. It will help me to sell others, and if it proves satisfactory at the end of twelve months you can pay for it, and if not, it won't cost you $1.00 to try it.'' Whereupon he signed the contract and later upon the installation of the plant signed the note. He further states that the agent told him ''that 100 pounds of carbide would last me twelve months, and it gave out in less than six months, and I notified the company that the carbide light and plant went out and is here subject to orders; that it used twice as much carbide as the agent represented it would; that at first the lights were pretty good but the tips and burners would not last, they gave way.''

Plaintiff's objection to the above evidence was overruled and it excepted. The salesman did not testify, but it appeared in evidence that upon accepting the order plaintiff mailed a duplicate to defendant, and that the note was signed after the plant was installed.

It will be observed that the defendant relies upon a verbal express warranty and a parol agreement for the plaintiff to install the plant, both of which are in direct contradiction of the terms of the written instrument; that he admits signing it, and that he does not plead fraud or mistake in its execution. In the absence of such pleas parol evidence is inadmissible to vary or contradict the terms of a written contract. This rule is too well settled to require citation of authority. Again, he does not claim

that the agent read the written contract to him or prevented him from reading it or misrepresented its terms or contents at the time of its execution, or that it was mutually understood between the parties to embrace any other matter than that embodied therein, his only excuse being that he signed it without reading it, therefore he is bound by its terms. 13 C. J. 370; United Talking Machine Co. v. Metcalf, 164 Ky. 258; Morgan v. Mengel Co., 125 Ky. 545. It follows that the court should have given a peremptory instruction for the plaintiff.

Wherefore, an appeal is granted and judgment is reversed.