## J. B. Colt Company v. Reeves.

(Decided January 24, 1928.)

### Appeal from Madison Circuit Court.

1. Sales.—In action to recover purchase price for carbide generator, instruction submitting question of whether buyer and seller had entered into contract of sale to jury was erroneous, where only allegations of petition which answer put in issue were those to effect that generator and appliances were as expressly warranted, and evidence that signature was procured by fraud was insufficient for jury.

2. Sales.—In action for purchase price of carbide generator, where seller pleaded that generator complied with terms of warranty and his testimony supported this pleading, and there was no evidence in record tending to establish that generator was not as warranted, nor that it was not on permitted list of board of fire underwriters, held that questions should not have been submitted to jury.

3. Sales.—In action for price of carbide generator, repeated statements by buyer as witness that generator would not work was sufficient evidence to make it question for jury whether generator was automatic in action as warranted.

4. Sales.—In action for purchase price of carbide generator, instruction that any failure of performance on part of generator was sufficient to authorize finding that generator did not comply with

warranty was error, since implied warranty is that article pur-
chased shall be reasonably satisfactory for purpose for which it is
purchased.

5. Appeal and Error.—In action for purchase price of carbide genera-
tor, admission without objection or exception of merits of number
of other carbide generating plants sold by seller to various per-
sons in vicinity did not justify reversal, on appeal, since evidence
if incompetent was not objected to.

E. SHELBY WIGGINS for appellant.

G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

On the order of appellee, Ben F. Reeves, appellant,
J. B. Colt Company, shipped to him a carbide generator
and certain appliances and fixtures at the price of
$239.70. Appellee failed to pay for them at the time
fixed in the order, and appellant instituted this action to
recover the purchase price. Appellee defended and by
counterclaim sought to recover $63 from appellant. The
trial below resulted in a verdict against appellant on its
petition and for appellee for the amount sought by
counterclaim; and judgment was entered accordingly.
Appellant has moved for an appeal.

Instruction No. 1, given to the jury, was erroneous,
in that it submitted to the jury the question whether or
not appellant and appellee had entered into a contract
by which appellant sold and appellee purchased the gen-
erator, appliances, and fixtures. These facts were not
denied by the answer of appellee. The only allegations
of the petition which appellee's answer put in issue were
those to the effect that the generator and appliances were
as they were expressly warranted to be. In view of that
fact, and in view of the written order for the generator
and material, which appellee, while testifying, admitted
he signed, the other proof for appellee was not sufficient
to take the case to the jury on the defense pleaded in the
second paragraph to the effect that his signature to the
order in question was procured by fraud. Hence it was
erroneous to leave it to the jury whether the parties
entered into a contract by which appellant sold and ap-
pellee purchased the material in question.

Appellee's written order for this generator and fix-
tures became a contract between the parties when it was

accepted and approved by appellant. It contained the following warranty:

"It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters."

Appellant by its petition pleaded that the generator and materials sold and delivered to appellee were as guaranteed to be by this warranty. The testimony for appellant supported this pleading. We find no evidence in the record tending in the least to establish that the generator was not made of thoroughly durable galvanized steel, and none that this generator is not on the permitted list of the National Board of Fire Underwriters; consequently, those two questions should not have been submitted to the jury.

The testimony of appellee is exceedingly unsatisfactory as evidence that the generator was not what it was warranted to be in all particulars. However, the repeated statement of appellee as a witness that the generator, which was installed by a mechanic, recommended by appellant, would not work, was sufficient evidence to make it a question for the jury whether as it was warranted to be it was automatic in action; and under the issue made on that question by the answer and appellee's testimony that question was properly submitted to the jury.

Appellee pleaded as a defense that the generator and fixtures purchased by him would not reasonably perform the service for which they were purchased within the implied warranty rule. This question was fully dealt with by this court in its recent opinion in John S. Noel Co. v. Theobold, 217 Ky. 28, 288 S. W. 1031. The testimony for appellee was sufficient to take the case to the jury on this question. This court is constrained to the view that instruction No. 2, submitting that issue to the jury, was erroneous. The error in the instruction was that any failure of performance upon the part of the generator could have been understood by the jury to be sufficient to authorize a finding against appellant. Any failure of performance was sufficient to authorize the jury to find for appellee. The implied warranty is that the article purchased shall be reasonably satisfactory for the pur-

poses for which it is purchased.   Upon another trial the instruction submitting this issue will be corrected in the manner indicated.

Without objection or exception the respective merits or demerits of a great number of other carbide generating plants sold by appellant to various persons residing in Madison county, Ky., were detailed to the jury by the witnesses herein.   It would be well for the attorneys to confine themselves to the questions presented by the issues relative to the particular lighting plant involved in this controversy.   No objection to this testimony having been offered of course, this reason would not authorize the court to reverse this judgment, and the incompetency of this evidence plays no part in the reversal of the judgment herein.

For these reasons the appeal is granted, the judgment reversed, and cause remanded for a new trial, and for other proceedings consistent herewith.