## J. B. Colt Company v. Brown.

(Decided May 11, 1928.)

### Appeal from Johnson Circuit Court.

1. Evidence.—Parol evidence is inadmissible to vary or contradict terms of written contract, in absence of allegation of fraud or mistake.

2. Evidence.—In action on written contract for sale of carbide generator, which provided that contract covered all agreements between buyer and seller and that no agent had made agreement modifying its terms, admission of evidence that agent represented certain amount of carbide would operate plant, when as matter of fact it required six times as much, held error, in absence of alle-

gation or proof that alleged representation of agent was omitted from contract by fraud or mistake.

KIRK, KIRK & WELLS for appellant.

W. J. WARD for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On the order of appellee, J. M. Brown, appellant J. B. Colt Company, shipped to him a carbide light plant at the price of $314, for which sum appellee executed his note to appellant due 1 year after date. J. B. Colt Company sued on the note, and in his answer defendant admitted execution of the note but pleaded that at the time of its execution plaintiff's agent and salesman represented to him 200 pounds of carbide would operate the plant for 12 months, when in fact it would require more than 1,200 pounds to operate it for that length of time; and that the agent further represented that defendant might use the plant for 12 months, and that if it did not give satisfaction plaintiff would accept a return thereof and cancel the note.

The affirmative allegations of the answer were traversed by the reply which further relied upon a written contract of purchase filed with the pleading which was in the form of an order for the carbide plant, signed by the defendant and later accepted in writing by the plaintiff. A demurrer was filed to the reply. The case went to trial without the demurrer having been passed on or any response having been filed to the reply. The defendant testified that the agent made representations as set out in his answer, and that the light plant consumed far more carbide than the amount the agent represented to him would be required to operate it, and for this reason it was not satisfactory. This evidence was objected to, the objections were overruled, and at the conclusion of the evidence the court overruled plaintiff's motion for a directed verdict and the jury returned a verdict for the defendant.

The material parts of the written contract relied on by the plaintiff, read as follows:

"It is agreed that, in accepting this order, the company warrants the apparatus furnished to be thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and

workmanship, and that it is on the permitted list of the National Board of Fire Underwriters. In the event of the failure or refusal of the purchaser to execute and deliver to the company the promissory note above referred to at the time above stated, the full amount of the above-mentioned contract price shall at once become due and payable. . . . This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below by an officer or credit manager of said company at its office in New York, N. Y.; it being understood that this instrument, upon such acceptance, covers all the agreements between the purchaser and the company, and that no agent or representative of the company has made statements, representations, or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth. It is further understood that, upon the acceptance of this order, the contract so made cannot be canceled, altered, or modified by the purchaser or the agent of the company or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers. Payments shall be made only by check, draft, or promissory note drawn to the order of the company.''

Defendant admitted that he signed this contract; that he had an opportunity to read it, and probably did read it. He does not claim that its contents were misrepresented to him at the time of its execution or that any terms were omitted therefrom by fraud or mistake. He relies upon a parol agreement alleged to have been made with the agent, whereby he was to have the privilege of returning the light plant if it proved unsatisfactory by reason of consuming an excessive amount of carbide.

It is well settled that parol evidence to vary or contradict the terms of a written contract is inadmissible in the absence of an allegation of fraud or mistake. Here there was neither allegation nor proof that the alleged representation of the agent was omitted from the contract by fraud or mistake, and, so far as appears, the contract was fairly made. The evidence as to what was said by the agent should have been excluded, and at the conclusion of the evidence plaintiff's motion for a directed verdict should have been sustained.

The facts in this case are substantially the same as the facts in J. B. Colt & Co. v. Clay, 216 Ky. 782, 288 S. W. 745, and John S. Noel Co. v. Theobald, 217 Ky. 28, 288 S. W. 1031, and, on the authority of those cases, the motion for an appeal is sustained, an appeal granted, and the judgment reversed for further proceedings consistent herewith.