## J. B. Colt Company v. Baker.

(Decided June 5, 1928.)

### Appeal from Madison Circuit Court.

1. Sales.—In action for purchase price of carbide generator and appliances, in which defendant claimed apparatus did not come up to warranty, evidence regarding whether apparatus was inspected before it was packed for shipment, and regarding method of inspection and result of inspection, and regarding quality of material and workmanship, held improperly excluded.

2. Evidence.—In action for price of carbide generator, in which defendant claimed that apparatus furnished did not come up to warranty, evidence relating to other generators installed by seller was incompetent.

E. SELBY WIGGINS for appellant.

G. MURRAY SMITH for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On April 20, 1920, the appellee, Baker, made an order to J. B. Colt Company for a carbide generator and certain appliances and fixtures, for which he agreed to pay the sum of $227.50. He admits that he signed the contract and that the shipment was made in accordance with his order. He failed to pay the amount specified in his order. Suit was instituted against him to recover that sum.

The appellant, in accepting the order, warranted the apparatus furnished to be a thoroughly durable, galvanized steel, acetylene generator, automatic in action and of good material and workmanship, and that it was on the permitted list of the National Bureau of Fire Underwriters. The appellee in his answer admitted the execution of the contract, but denied his indebtedness. He denied that the apparatus so furnished came up to the warranty. His answer contained a counterclaim, in which he alleged that he had been damaged $100 by reason of the installation of what he termed the worthless materials in his house, and in having to remove them. Later he filed an amended answer and counterclaim, in which he alleged that his signature to the contract was obtained through the fraud of the agent of appellant; that he declined to receive the apparatus when it reached Richmond, but was prevailed upon by the agent of appellant to accept it, which he did; and that it was installed with the understanding and agreement that, if it did not give satisfaction, it would be removed. This was denied by reply. Several depositions were taken, which appear in the record, and which were not read as evidence on the trial. At the conclusion of the evidence the lower court instructed the jury to return a verdict for appellee on appellant's claim, and submitted to the jury the question as to whether appellee should recover $20 from appellant for the installation of the apparatus in the home. The jury returned a verdict against appellant for $20.

Appellant proved that it shipped to appellee the apparatus mentioned and described in the order signed by appellee. The court sustained an objection to the question as to whether the fixtures it shipped to appellee were inspected before they were packed for shipment, and also as to the method of inspection. No reason is given for the ruling of the court in refusing to allow the witness to testify whether the fixtures were inspected and as to the method of inspection. There was an avowal as to what the answer of the witness would be, if allowed to tell the jury whether the fixtures were inspected, and the method of inspection The avowal sets out the method of inspection, and that a most careful inspection was made. The court sustained an objection to the question, asking the witness to give the result of the inspection. The avowal as to what the witness would have stated is to the effect that the inspection of the apparatus disclosed that the generator was made of thoroughly durable galvanized steel of perfect workmanship and material, and that it was automatic in action. The witness was allowed to state that the shipment was made to appellee. He was also allowed to state that the goods were in excellent condition when they were shipped. An objection was sustained by the court to the question which asked the witness to describe the quality of the material in it and the workmanship on it. There was an avowal that the witness would have answered that the generator was made of thoroughly durable galvanized steel. The court was in error in refusing to allow the witness to answer these questions. If, in answering the questions, the witness had shown that he was not personally familiar with information which was the basis of his answer, the court could have sustained an exception to, or a motion to strike out, such portions of the answer as were not competent.

The evidence relating to other generators installed by the same company was incompetent. The appelle did not sustain the defense by his testimony, and he did not make out a case which should have been submitted to the jury. He should have established by his evidence a breach of the warranty, and as he did not do so, and as the appellant offered to establish it, in full compliance with his contract, a peremptory instruction should have been given to find for the appellant the full amount sued for. If, on another trial, the appellee should introduce

evidence tending to show that there was a breach of warranty, the case should be submitted to the jury under proper instructions. This case is similar to that of J. B. Colt Co. v. Reeves, 222 Ky. 692, 2 S. W. (2d) 387, where this court granted an appeal and reversed the judgment of the lower court.

Appeal granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.