## J. B. Colt Company v. Moran.

(Decided November 27, 1928.)

### Appeal from Washington Circuit Court.

1. Evidence.—Parol evidence is inadmissible to vary or contradict terms of written contract, in absence of allegation of fraud or mistake.

2  Evidence.—In seller's action on note received under written contract for sale of lighting plant, which provided that contract covered all agreements between parties, and that no agent had made agreement modifying its terms, admission in evidence of agent's oral representations modifying provisions of contract held error, in absence of allegation or proof that such representations were omitted from contract by fraud or mistake.

3. Corporations.—One who deals with an agent of a corporation must take notice of his authority.

4. Principal and Agent.—An agent to collect has no authority to make other contracts, where the original contract expressly denies such authority to any agent.

5. Evidence.—In seller's action on renewal note received under contract for sale of lighting plant, which provided that no agent had made agreement modifying its terms and that contract could not be modified by any agent of seller except by written agreement between buyer and seller acting by one of its officers, it was no defense that buyer was induced to execute renewal note on his

refusal to pay it by representation of seller's collecting agent that seller would put plant in good condition, which promise seller failed to perform.

JAY W. HARLAN and E. C. NEWLIN, JR., and W. C. ROZEL for appellant.

MARSHALL DUNCAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—. Reversing.

W. R. Moran signed and delivered to the J. B. Colt Company an order for a lighting plant. The order was accepted. The plant was shipped and installed, and he executed a note for the purchase money due in one year. At the end of the year he executed a renewal note, due in 60 days. This note contained these words:

"It is further agreed that this note shall be paid without claim of offset or deduction of any nature or for any cause whatever."

He did not pay the note, and this action was brought by the company upon it. By his answer the defendant pleaded that the agents, with whom he made the contract, induced him to make it by stating that the plant could be operated much more economically than one operated by coal oil, and agreed that if it should break or become impaired the company would have at all times an operator to attend to it and keep it in working order; also, that the plant would give perfect satisfaction for five years, and if it did not prove satisfactory for that time it would be removed, unless repaired and put in good condition free of charge; also, that the plant would require only 250 pounds of carbide a year for its operation, when it in fact required 600 pounds. They also represented to him that if he would buy the plant a sadiron and 100 pounds of carbide would be furnished him free of charge. He alleged that all these representations were false and fraudulent; that the plant, before the end of the year, got to leaking so that it was not satisfactory; that the defendant was notified, but failed to remedy the difficulty; that the plant froze when it was represented that it would not freeze. The plaintiff replied denying the allegations of the answer, and pleaded that the contract between the parties was in writing. The writing under

which the plant was sold was filed with the answer, and contained only this warranty:

> "Warranty: It is agreed that in accepting this order the company warrants the apparatus furnished to be thoroughly durable galvanized steel acetylen generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters."

It also contained the following provisions:

> "This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below by one of the officers of said company; it being understood that this instrument, upon such acceptance, covers all the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or verbal agreements, modifying or adding to the terms and conditions herein set forth. It is further understood that upon the acceptance of this order the contract so made cannot be canceled or revoked by either party, nor may it be altered or modified by an agent of the company, or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers."

On the trial of the case the defendant introduced evidence sustaining the allegations of his answer and counterclaim. The defendant introduced the writen contract, and objected to the evidence introduced by the plaintiff. The jury found for the defendant. The plaintiff appeals.

In J. B. Colt Co. v. Brown, 224 Ky. 438, 6 S.W.(2d) 473, where the facts were practically the same, the court said:

> "It is well settled that parol evidence to vary or contradict the terms of a written contract is inadmissible in the absence of an allegation of fraud or mistake. Here there was neither allegation nor proof that the alleged representation of the agent was omitted from the contract by fraud or mistake, and, so far as appears, the contract was fairly made. The evidence as to what was said by the agent should have been excluded, and at the conclusion of the evi-

dence plaintiff's motion for a directed verdict should have been sustained." ·

. ·" To the same effect see Noel 'Co. v. Theobald, 217 Ky. 28; 288 S. W. 1031, and J. B. Colt Co. v. Reeves; 222 Ky. 691, 2 S.W.(2d) 387.

·" There being no evidence that there was any fraud or mistake in putting the contract in writing, all the testimony as to what occurred between Moran and the agents, tending to establish a different contract from that set out in the writing, was incompetent. The writing which he signed plainly showed that these agents had no authority except to make a contract as set out therein, and he was bound to take notice of the limitations of the agent's authority when it was set out in the writing which he signed. He could read and write, and if he did not read the writing it was his own fault.

The defendant by his answer further pleaded that a representative of the plaintiff came to his home to collect the note he originally gave, and he refused to pay it, and thereupon, to induce him to renew the note, the collector represented to him that if he would renew the note the plaintiff, within two weeks, would furnish one of its men to come to his place and put the plant in good condition so that it could be used for the purpose for which it was purchased; that by this representation he was induced to execute the renewal note, relying on same, and but for this would not have executed the note; and that the plaintiff failed to send any man or put the plant in good condition.

One who deals with the agent of a corporation must take notice of his authority. An agent to collect has no authority to make other contracts, where the original contract expressly denies such authority to any agent. The note is an absolute obligation to pay. There was no plea that the alleged representation of the agent was omitted from the contract by fraud or mistake. There is no showing that Moran could not read, or that by any fraud of the agent he was prevented from reading the writing before he signed it. By the terms of the writing he got time on the debt and agreed to pay it "without claim of offset or deduction of any nature or for any cause whatsoever." Moran could fully have protected himself by refusing to sign the writing until the things promised by the agent were done, or he could have set

out in the note what was to be done before it was payable. When he did not do this and signed the writing, he was bound by it, in the absence of fraud or mistake as above indicated. The law requires parties when they put their contracts in writing to use ordinary care to know what they are signing. The business of the world is done on written contract, and written contracts which are knowingly made cannot be defeated or varied by parol proof, unless it appears that the writing does not contain the whole contract and that part of the contract was omitted from the writing by fraud or mutual mistake. The court should have instructed the jury peremptorily to find for the plaintiff under the pleadings and proof.

Judgment reversed, and cause remanded for further proceedings consistent herewith.