## J. B. Colt Company v. Carrier et ux.

(Decided November 30, 1928.)

E. S. WIGGINS and WILFRED C. ROSZEL for appellant.

BURNAM & GREENLEAF for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant and plaintiff below, J. B. Colt Company, is a corporation, and on September 5, 1919, appellees and defendants below, Butler Carrier and wife, made a written proposition to it to purchase certain designated material from it with which to install a domestic lighting plant in their residence. The proposition was accepted by plaintiff, after which, according to its terms, it became a binding contract between the parties. In due time (and about which there is no complaint) plaintiff shipped to defendants the articles purchased, and later they were installed in defendants' residence, whereupon they executed to plaintiff their joint note for the sum of $244.15, payable twelve months thereafter, and which was the amount of the aggregate purchase price of the articles sold by plaintiff to them. It was not paid, and on July 15, 1926, this action was brought against defendants to recover judgment for its amount.

The original answer admitted the execution of the note, and alleged that the consideration therefor was the purchase of the articles for the lighting plant, and that they did not fulfill the express warranty contained in the contract therefor. Furthermore, that plaintiff knew the purpose for which the articles were purchased, and thereby impliedly warranted that, when installed they would discharge or fulfill that purpose, and were suitable therefor, but that they were not so, and they also relied on the breach of the alleged implied warranty, and alleged that immediately upon discovering such breaches they notified plaintiff and requested it to remove the articles from their residence, and that because of all of which the note was

without consideration. The reply thereto denied the alleged implied warranty, and set out the express one, and averred that it was the only one made, and that the articles sold fully complied therewith, and it denied that the note for any such reasons, or at all, was without consideration.

An amended answer was made a counterclaim, and in it defendants reiterated their defenses made in their original answer, with some elaboration, and charged that the articles were worthless, and that they had been injured and damaged by reason thereof in the sum of $244.15, the exact amount of the note sued on. The reply thereto was a denial of all material averments therein, and in it plaintiff also averred that defendants waived the defects upon which they relied by retaining and using the articles as a lighting plant after they were installed, and by reason thereof they were estopped to maintain the defenses relied on. Appropriate pleadings made the issues, and upon trial before a jury there was a verdict in favor of defendants, followed by a judgment dismissing the petition, and, plaintiff's motion for a new trial having been overruled, it has filed a transcript of the record in this court, with a motion for an appeal.

There has been filed on behalf of plaintiff a lengthy brief, but it is somewhat difficult to classify the grounds urged for a reversal; but, as best we can gather, they are: (1), (a) Error of the court in overruling plaintiff's motion for a peremptory instruction, and (b), error in the instructions given; (2), (c) incompetent evidence admitted over plaintiff's objections, and (d) exclusion of competent evidence offered by plaintiff; and (3), error of the court in refusing instructions offered by plaintiff. We will dispose of them in the order mentioned.

■ In considering a contract of the same kind and for the same purpose, made by plaintiff with another person, and couched in the same language as this one, we held in the case of J. B. Colt Co. v. Reeves, 222 Ky. 691, 2 S. W. (2d) 387, that the purchaser had the right to rely on an implied warranty as the one alleged herein in defense of a note, the consideration of which was the contract. That opinion was rested upon the prior one of John S. Noel Co. v. Theobald, 217 Ky. 28, 288 S. W. 1031, in which a contract of substantially the same terms was involved. At the trial of this case, there was testimony tending to show the unfitness of the articles sold and their unsuitability to perform the purpose for which

they were purchased, and, if so, to constitute a breach of the implied warranty relied on. Following the principles of those two opinions, reason (a) of ground (1) must be disallowed. Responding to reason (b), in this ground, we find from the record that instruction III given by the court is erroneous, in that it mandatorily required the jury to find *something* for defendants on their counterclaim, if *anything* was found for plaintiff under other given instructions. But no exception was taken by plaintiff to any of the instructions given by the court, and for that reason we are barred from giving effect to the indicated error.

■ Neither are we at liberty to consider or determine the complaint in reason (c) of ground (2), because no such error was relied on in the motion and grounds for a new trial. However, the matter involved in reason (d) of that ground was so relied on, and which we think is meritorious. Plaintiff took the depositions of Peter Mayer and Albert Fortman on interrogatories, and the court sustained defendants' objections to answers 5, 6, 8, 9, 10, 12, 13, 14, 16, 17, 18, 19, and 20, addressed to the witness, Mayer, and also sustained defendants' objections to all of the answers of the witness, Fortman, to interrogatories from 3 to and including 44, except Nos. 4, 7, and 27, to all of which plaintiff excepted. We have examined the excluded answers of both those witnesses, and, with the exception of a few wholly immaterial ones, we are satisfied that the court erred in excluding them. Almost, if not exactly, the same answers were excluded by the same trial court in the recent case of J. B. Colt Co. v. Baker, 225 Ky. 527, 9 S. W. (2d) 516, an appeal from the same county, as were excluded in this case, and we held that the exclusion was prejudicially erroneous saying that "the court was in error in refusing to allow the witness to answer these questions." They were the same witnesses involved in this case, and the purpose of their testimony was to prove that the articles sold measured up to the express warranty contained in the contract, and without their testimony there was no proof to establish that fact.

But it is said that some portions of some of the excluded answers indicated that the witness making them was disqualified for that purpose, an illustration of which was the answer to the interrogatories with reference to inspection of the articles sold before they were shipped, and to their packing for shipment, and both of which were

done, as indicated in the answer objected to, by other experts in those respective lines. But the witnesses did not say that they were not present and observed such performances, and we do not think that the relied on disqualifying fact to exclude the testimony of the witnesses was thereby shown. We have examined the record in the Baker case, tried in the same court as was this one, and found that the excluded answers therein contained the same alleged disqualifying matter as is relied on by counsel for defendants in justification for the exclusions complained of. Following the Baker opinion, we must hold that reason (d) of ground (2) must be sustained, and that the court erred in rejecting the offered testimony.

■ The record discloses that plaintiff offered instructions I, II, III, IV, and V, the last of which also included the separate instruction authorizing a majority verdict under our statute allowing it. We have examined those instructions, and, without setting them out in this opinion, we deem it sufficient to say that they are in all respects substantially correct under the issues made by the pleadings and the principles of law governing the case as announced in the Baker, Reeves, and Theobald cases, supra, and others involving similar cases.

For the reasons indicated, the motion for an appeal is sustained, and the judgment is reversed, with directions to sustain the motion for a new trial, and for proceedings consistent with this opinion.