## J. B. Colt Company v. Asher et al.

(Decided March 3, 1931.)

236

[redacted]

I. A. BOWLES for appellant.

FAULKNER & FAULKNER for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appellant, J. B. Colt Company, sued the appellees, Hugh Asher and Minta Asher, on their note for $300.45. By answer, which was not made a counterclaim, defendants pleaded that the execution of the note had been procured through fraud, covin, and deceit, and that the consideration therefor had failed because the plaintiff had undertaken to install a lighting system for their house which was worthless and did not do the things it was intended to do; that, as soon as they found it to be worthless, they tendered it back to the plaintiff by requesting its removal from their property. The contract of purchase of the machine was not set up in the pleading, nor was an attempt made to rely upon any warranty. The allegations of the answer were denied, and by an amended reply the plaintiff alleged in a general way that the contract referred to was in writing, and that it contained a stipulation that no representations had been made by any agent of the company modifying or adding to its terms; that one Moore, under contract with the purchaser, had installed the machine in a proper way, and explained its operation to the defendants, who then accepted the plant. The report of Moore to the company and his contract with the defendants were filed.

The contract of purchase and sale of the lighting plant was not set up in any of the pleadings. However, it was introduced in evidence, and we find it to be the same in form as that which has been heretofore considered by this court, and the terms and provisions of which have several times been set out in the opinions of this court. See J. B. Colt Co. v. Berry, 218 Ky. 119,

290 S. W. 1059; J. B. Colt Co. v. Reeves, 222 Ky. 691, 2 S. W. (2d) 387; J. B. Colt Co. v. Brown, 224 Ky. 438, 6 S. W. (2d) 473; J. B. Colt Co. v. Baker, 225 Ky. 526, 9 S. W. (2d) 516; J. B. Colt Co. v. Moran, 226 Ky. 479, 11 S. W. (2d) 147; J. B. Colt Co. v. Carrier, 227 Ky. 754, 14 S. W. (2d) 170; J. B. Colt & Co. v. Clay, 216 Ky. 782, 288 S. W. 745.

In all the cases the company has relied upon a limited, express warranty of its lighting apparatus, which is confined to these things: (1) That it is a "thoroughly durable galvanized steel acetylene generator"; (2) that it is "automatic in action"; (3) that it is "of good material and workmanship"; and (4) "that it is on the permitted list of the National Board of Underwriters." In several cases, according to the opinions, there was substantial evidence that the generator refused to generate light after a brief interval; that its action was not automatic but erratic and spasmodic—its obstinacy yielding to a kick on its tank. In some cases the quality of the material and workmanship was attacked. No complaint seems to have been raised that it was not of galvanized steel. In most every case some attempt was made by the defendant to prove substantial parol misrepresentations on the part of the company's salesman which had been relied upon by the purchaser. The terms of the contract disavow any responsibility for the statements of its representatives.

There is an implied warranty in the sale of machinery of this character in addition to the express warranties—one which on omission from the writing the law writes into it as by implication—and that is that the seller warrants that he has title, that the article sold is reasonably suited to the use intended, and that he knows of no latent defects undisclosed. The express warranty in this contract does not preclude the buyer from setting up that implied warranty. Although the generator might be all that is claimed for it in the writing, there is no inconsistency or repugnancy between the warranty expressed and the warranty implied by law. The machine is bought to make light so that the purchaser may not dwell in darkness. The very essence of the contract is that the machine is reasonably suitable for that purpose. If it fails to accomplish that purpose, the contract has been breached, and the purchaser may recover under that implied warranty. See John S. Noel

Co. v. Theobald, 217 Ky. 28, 288 S. W. 1031; Marbury Lumber Co. v. Stearns Mfg. Co., 107 S. W. 200, 32 Ky. Law Rep. 739; J. B. Colt Co. v. Carrier, and J. B. Colt Co. v. Reeves, supra. This rule of law is now incorporated in the statutes. Ky. Stats., sec. 2651b-15.

The court admitted evidence as to parol representations of the company's agent which Asher testified induced him to execute the contract. Since there was no pleading or allegation that those representations were omitted from the contract by fraud on the part of the company or the mutual mistake of the parties, and no effort made to reform the contract, the admission of the evidence was error. J. B. Colt Co. v. Brown, supra; White Sewing Machine Co. v. Smith, 188 Ky. 407, 222 S. W. 81.

Error was also committed by admitting evidence of the defendants' neighbors as to the operation, or lack of operation, of similar machines purchased by them of the plaintiff. Each case in court must stand on its own merits or fall by its own demerits. Baker and Reeves Cases, supra.

The instruction given was clearly erroneous.

Upon a return of the case, the defendants should be allowed to amend their answer, if they desire, by making of it a counterclaim in which they may set up any claimed breach of either or both the express and the implied warranties, and assert any damage they claim by reason of the breach. See Berry Case, supra. The testimony should be confined to the issues made, and, if competent evidence warrants, the court should give instructions substantially as follows:

No. 1. The jury will find for the plaintiff, J. B. Colt Company, the amount of the note sued for, to wit, $300.45, with interest from October 25, 1922, unless you find and return a verdict under instructions No. 2, 3, or 4.

No. 2. If the jury believe from the evidence that the lighting plant mentioned in the evidence when delivered by the plaintiff to the defendant was not automatic in action, or if automatic did not continue so for a reasonable length of time, and was not of good material and workmanship, or that it was not reasonably suitable to perform the work of a lighting plant or the purposes for which it was sold, you will find for the defendants on their counterclaim, unless you shall further believe from the evidence that the defendants or their servants

engaged in operating it were negligent and that by reason of such negligence, if any, the lighting plant would not perform the services for which it was sold; in such latter event you will find for the plaintiff as to the defendant's counterclaim.

No. 3. If you find for the defendants under instruction No. 2, and shall further believe from the evidence that at the time the lighting plant was delivered by the plaintiff to the defendants it was without value for the purpose for which it was purchased, you will find nothing for the plaintiff under instruction No. 1.

No. 4. If, however, you believe from the evidence that the said lighting plant was not at the time worthless for the purpose of performing the work of a lighting plant but was of some value as such a plant, you will find for the defendants whatever sum, if any, you may believe from the evidence represents the difference, if any, between the contract price of the machine and its fair and reasonable value in the condition in which it was when delivered, not exceeding, however, $300.45.

No. 5. "Negligence" as used in these instructions is the failure to exercise ordinary care, and "ordinary care" as so used means that degree of care usually exercised by ordinary careful persons under similar or like circumstances.

No. 6. If you find for the defendants under instruction No. 4, you may offset your findings against your verdict under instruction No. 1, returning a verdict accordingly for the difference, if any.

No. 7. Nine or more jurors concurring may return a verdict, but, if fewer than twelve agree, those agreeing must sign the verdict.

The appeal is granted, and the judgment reversed.

Whole court sitting.