## Frick Co. v. Wiley.

May 15, 1942.

666

W. C. Hamilton and C. W. Flesher for appellant.

Bradley & Bradley for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

In June, 1938, the appellant sold appellee a threshing machine with certain attachments, and accepted in part payment therefor $50 accompanying the order, which bore the date June 2, 1938, a check for $250 dated June 16, 1938, the date the threshing machine was delivered, and two notes dated June 15, 1938, for $250 each, secured by mortgage on the machinery sold. Appellee stopped payment on the $250 check and failed to pay the first of the notes which matured on October 30, 1938, whereupon, the appellant elected to precipitate the maturity of the second note, and on June 16, 1939, instituted this action in equity to recover the $750 balance, including the unpaid check, and to enforce its mortgage lien. By answer and counterclaim appellee sought a rescission of the contract of sale, a cancellation of his indebtedness, $1,082 in damages, and a return of his previously owned thresher, or $590 representing its value. Issues involving the terms of the purchase, and the alleged failure of the threshing outfit to function properly, were completed by subsequent pleadings, and the proof was taken by deposition. On final submission the Chancellor dismissed the petition, cancelled the evidences of indebtedness executed by appellee, and awarded him the $50 paid by him, and the value of his original thresher to be determined as of the date it was delivered in part payment of the purchase price. From that judgment this appeal is prosecuted.

The contract of sale contained a warranty that the thresher sold to appellee was well built, of good material

and, when properly operated under like conditions, would perform as well as any other machine of the same size and rated capacity; but neither the warranty nor any other provision of the contract, in terms or by necessary implication, excluded the implied warranty created by the common law and expressed by Kentucky Statutes, Section 2651b-15—where the buyer relies on the seller's skill or judgment and the seller is aware of the purpose for which the goods are required—that the article sold is reasonably suited to the use intended. Formerly it was generally held that the existence of an express warranty excluded all implied warranties (Glover Machine Works v. Cooke-Jellico Coal Co., 173 Ky. 675, 191 S. W. 516); but since the enactment of the Uniform Sales Act, at least, the recognized rule has been that the implied warranty exists unless it is excluded by express language or by necessary implication. J. B. Colt Co. v. Asher et al., 239 Ky. 235, 39 S. W. (2d) 263. Appellee, in effect, contends that he was entitled to maintain his action regardless of the terms of the contract which reserved to the appellant the right to replace defective parts or substitute a new machine, and, among other things, provided:

"The Purchaser agrees as follows, to wit:

"(a) If machinery does not fulfill terms of warranty, to give notice in writing through the agent through whom purchased and by registered letter to Frick Company, Waynesboro, Pa. within five days from first putting same in operation, stating in what respect machinery fails to perform. If defects reported are such as can be remedied by purchaser, Frick Company may, by letter, suggest remedy. If purchaser still fails to make same perform, he will immediately notify Frick Company again, at Waynesboro, Pa. by telegram or registered letter, and allow reasonable time to remedy defects, rendering at all times friendly assistance.

"(b) To return machinery immediately to place where received, if Frick Company fails, after notice as above to make same fulfill terms of warranty.

"(c) If machinery is used longer than five days from first putting same in operation, without notice of failure to fulfill warranty as required in paragraph (a) above or is used at all after Frick Company is alleged to have failed to remedy defects, it

shall operate as an acceptance of same and as a fulfillment of terms of warranty.

"(d) That any assistance rendered by Frick Company, through its agents or employees, in operating said machinery within five days from starting same, shall not dispense with the notice required in paragraph (a) above, if same does not fulfill terms of warranty, nor shall such assistance operate as a waiver of such notice, if given after the expiration of said five days, when no notice has been given of alleged failure to perform as provided in paragraph (a) above."

"(g) That this order contains in writing and print the entire contract between the parties hereto and that he has notice that no agent or salesman of Frick Company has authority to bind the Company by any agreement not herein contained, nor to alter this contract after it has been accepted by said company, nor to take checks or notes payable otherwise than to order of Frick Company, and that no employee of the Company, who is sent to make repairs or put machinery in operation, has authority to bind the Company by any declaration, statement, or promise he may make with respect thereto."

If the express warranty had related to a function or quality not essential to the proper performance of the work which the machine was expected to accomplish, the failure of the purchaser to comply with the conditions prescribed in the contract as precedent to his right to sue for a breach, would not have precluded him from pursuing either of the alternative remedies ordinarily open to a buyer under a contract containing no express warranty. He might have been willing to waive the breach of the express warranty but not the breach of the more important implied warranty. But here, the warranty implied by law was no broader than the express warranty; and it would be a perversion of justice to read the implied warranty into the contract for the purpose of enabling appellee to sue thereon after he had forfeited his right to sue on the wholly similar express warranty by his failure to return the machine as required by the contract and his continued operation of it beyond the specified time. If appellee had complied with the conditions prescribed by the contract, it would have been immaterial whether he had sued on the express or the implied

warranty, and we could not say that we would have disturbed the Chancellor's fact finding that the machine "did not comply with the warranties attached to its sale." But the appellee did not return the machine or any of its parts to the appellant. On the contrary, he continued to use it throughout the 1938 threshing season and thereafter, contenting himself with notifying appellant of what he considered its inability to perform properly and accepting the sporadic attempts of appellant's representatives to adjust it. In his answer and counterclaim appellee failed to allege that he had ever made a tender or offered to restore to appellant the machine which it had sold him, although in his prayer he made such tender.

Thus, it is apparent that the appellee misconceived his rights, since it is an ancient rule, even though the contract of sale be silent on the subject, that a buyer who seeks to rescind an executed sale must elect to take that action promptly after discovering the defects, and, unless prevented by the vendor from so doing, tender and offer to restore the property sold. Otherwise, he is confined to an action for damages for breach of warranty, the measure of which is the difference between the market value which the article would have possessed had it been as represented, and its actual value, plus special damages in extraordinary cases. Even this right is lost if the warranty relied on is an express warranty and the specified conditions upon which the warranty is made available to the purchaser are not complied with. Black Motor Co. v. Foure, 266 Ky. 431, 99 S. W. (2d) 177; Glover Machine Works v. Cooke-Jellico Coal Co., supra.

Judgment reversed with directions to dismiss appellee's counterclaim and award appellant the relief sought by it.