CASE 29—PETITION ORDINARY—APRIL 15.

# Hale v. Grogan.

APPEAL FROM CALLOWAY CIRCUIT COURT.

1. PLEADING—RELEASE.—In an action against the principal in a note, the surety therein not being a party, the averments by the principal in his answer that the plaintiff owed numerous debts to the surety and the surety several to the plaintiff, without alleging there had been a settlement between them and a balance ascertained, and setting up an agreement between all the parties by which plaintiff was to apply as a credit on the note the amount due by him to the surety, formed no material issue.

2. SAME.—The plea of release was insufficient because there was no statement of facts showing any consideration for the agreement to release, or showing actual release from the obligation to pay.

3. PLEADING ACCORD AND SATISFACTION.—In order to make a plea of accord and satisfaction good, it is necessary to allege not only that the parties had agreed upon the terms of settlement, but that the agreement was executed and the satisfaction made and performed in compliance with the agreement.

4. PLEADING—PARTY TO ACTION.—It was error for the court to permit the pleadings to be encumbered with matters of account between the plaintiff and one who was not a party to the action, because they were not relevant to the issues involved and could not properly be litigated in the action.

5. ARREST OF DEFENDANT—PRACTICE.—Where a defendant is arrested upon the affidavit provided for in section 153 of the Civil Code the better practice in controverting the grounds of arrest is to do so by counter-affidavit, separate and distinct from the pleadings in the case.

FENTON SIMS FOR APPELLANT.

1. The court should have submitted to the jury in its instructions whether there was an agreement to apply as a credit on the note what appellant might owe the surety on the note as set up by appellee and denied by appellant.

2. The court in submitting the questions to the jury for a special verdict, assumed that there was such an agreement.

Hale v. Grogan.

3. The appellee having admitted the execution of the note and filed his plea in avoidance, the onus was on him to establish his plea by a preponderance of evidence.

W. M. REED AND W. M. SMITH FOR APPELLEE.

1. The appellant's rights were not prejudiced by the court's failure to instruct as to the agreement to apply on the note what the plaintiff owed the surety, because the court in its instructions told the jury that appellee could not be released only to the extent of payments by appellee or the surety.

2. The instruction asked by appellant were properly refused by the court because the same ideas, substantially, were embraced in the instructions given.

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

The action in the court below was upon two promissory notes, one of them executed by the appellee alone, and the other by him and James A. Grogan, his surety. Both notes were executed to the mercantile firm of Hale, Head & Co., of which firm the appellant was a member. The partnership having been dissolved, the assets of the firm were divided among the individual members, and in this way the appellant became the sole owner of these notes. James A. Grogan, the surety on one of the notes, was joined with the appellee as defendant in the action, but, before the answer was filed, on motion of the plaintiff, the action as to him was dismissed without prejudice.

At the commencement of the action an affidavit of the plaintiff was filed in the clerk's office, conforming substantially with section 153 of the Civil Code, and the plaintiff, having caused bond to be executed as required in such cases, sued out an order of arrest, which was issued by the clerk, and under which the appellee was arrested, who, in due course of procedure, was bailed and released from custody.

In his answer the appellee set up in detail a number of

debts or claims which he averred were due and owing by the appellant to James A. Grogan, the surety on one of the notes sued on, and several debts which he alleged the latter owed the appellant, and, without stating that there had been a settlement of accounts between the appellant and James A. Grogan, or that there was an ascertained balance due from the former to the latter, alleged, by way of defense to the action, that "it was agreed between said parties, N. T. Hale, J. A. Grogan and H. W. Grogan, that said Hale was to apply the amount due J. A. Grogan, as shown, to the payment of these two notes herein sued on, and was to and did then release said H. W. Grogan from the payment of said notes or any part of them, and to look alone to J. A. Grogan for the payment of same, and that all parties mentioned then agreed to said arrangement, and said defendant was released therefrom."

These allegations were specifically denied in the reply, and thus the only issue or attempted issue, on the merits of the case, was made up. But the appellee, without filing a separate affidavit controverting the grounds for the order of arrest, that were set up in the separate affidavit of appellant, controverted them in his answer to which the appellant likewise replied. Appellant also, in his reply, controverted the statements of the answer by which appellee endeavored to show the state of accounts between the appellant and James A. Grogan. And the record shows the remarkable fact that the only issues that were submitted to the jury were as to the state of accounts between the appellant and James A. Grogan, who was not a party to the action, while the jury was precluded by the instructions of the court, against the objections of appellant's counsel, from considering or passing upon any question concerning the alleged

agreement that the appellant should look alone to James A. Grogan for the payment of the notes sued on and to release the appellee from all obligation to pay them. And the jury were required by the court to respond, by special verdict, to certain questions growing out of the alleged transactions between the appellant and James A. Grogan, upon which special findings of the jury, the court proceeded to settle their accounts, and having, in this way, ascertained that the appellant was indebted to James A. Grogan in a balance of $84.92, adjudged the notes sued on to have been fully paid off and satisfied, and dismissed the petition absolutely, and vacated the order of arrest. Exceptions were duly taken in behalf of the appellant to these proceedings, and, a motion for a new trial having been made and overruled, this appeal was prayed and granted.

Without enumerating or attempting to go into the details of the grounds for a new trial, the statement of the case thus far suffices to show that the judgment of the lower court can not be sustained. It is manifest that no material issue was formed by the pleadings concerning the causes of action set up in the petition, and upon the pleadings as they were, the appellant was entitled to a judgment for the debts sued on. The plea of release was insufficient because there was no statement of facts showing any consideration for the alleged agreement to release or showing an actual release of the appellee from all obligation to pay the notes, which were retained by the appellant, and were neither demanded by appellee nor surrendered to him after the alleged agreement was made. The facts stated in the answer, although evidently so intended, were not sufficient as a plea of accord and satisfaction. It was not sufficient to allege that the parties had agreed upon the terms of

settlement or satisfaction of the debts sued on. It ought
also to have been distinctly alleged that the agreement was
executed and the satisfaction made or performed in com-
pliance with the agreement. In other words, in order to
make such a plea good, the accord as well as the satisfaction,
or the delivery or performance of what is so agreed upon,
must be averred. (Payne v. Barnett, 2 Mar., 314; Am &
Eng. Enc. of Law, 2d edition, volume 1, page 420 ; Enc. of
Pleading and Practice, volume 1, page 73; McKean v. Read,
12 Am. Dec., 13; Haggin v. Williamson, 5 Mon., 13; Peace
v. Stewart, 4 J. J. Mar., 449.)

In addition to the foregoing objections to the answer,
which are fatal to the defense attempted to be made, the
court ought not to have permitted the pleadings to be
encumbered with statements and counter-statements about
the matters of account between the appellant and James A.
Grogan, who was not a party to the record. These matters,
in detail or in the aggregate, were not relevant to the merits
of the appellant's demands against the appellee, and could
not properly be litigated in the action. It was the duty
of the court, upon or without motion, to compel the parties
to form a material issue in the action, and to cause all
redundant or irrelevant matters to be stricken from the
pleadings, in order that there should be no confusion in
regard to the true issues between the parties. (Civil Code,
sections 114, 121.) And while we do not now hold that
grounds for provisional remedies may not be set up and
controverted in the pleadings, we do not regard it as being
the better practice so to do; and, in this case, the grounds
for the order of arrest having been stated in a separate
affidavit of the plaintiff, filed at the commencement of the
action, it would have been proper for the court to require

the defendant to controvert them, if he desired so to do, by separate affidavit, instead of allowing the issues upon them to be made up in the pleadings. Such a course of procedure is evidently contemplated by the Civil Code, which provides (section 153) that the clerk of the court shall issue an order for the arrest of the defendant, either at the commencement of the action or at any time before judgment, "if an affidavit of the plaintiff be filed in his office showing" the grounds for the order. And, by section 178, it is provided that the motion to vacate an order of arrest in civil actions, or to reduce the amount of bail therein may be supported or opposed by affidavit or other evidence, and the questions arising thereon are for the court and not the jury to decide. It is the manifest object and purpose of the Code to exclude from pleadings all redundant matter or matter that is not relevant to the issues upon the merits of the cause of action or of the defense.

For the reasons indicated, the judgment of the lower court is reversed and the cause remanded, with directions to grant the appellant a new trial and to proceed consistently with this opinion.