## Missouri Moline Plow Company v. Render.

### (Decided June 15, 1923.)

### Appeal from Ohio Circuit Court.

1. Pleading—Material Allegation Must be Denied, Though Not Essential to Cause of Action.—A material allegation in the petition must be denied by the defendant even though it was not essential to a statement of the cause of action, and therefore an allegation that the individual who made the warranty relied on was the agent of defendant must be denied by defendant even though a petition alleging that warranty was made directly by defendant would permit proof it was made by an agent of defendant.

2. Pleading—Answer Held to Admit Allegation Sellers were Defendants' Agents.—In an action against a manufacturer for breach of warranty of a tractor, where the petition alleged that the dealers who made the warranty were the agents of the manufacturer, an answer which did not deny the material allegation of agency, and, in denying the sale and warranty, referred to the alleged agents as "its agents" and "its said agents," impliedly admitted that they were its agents as alleged in the petition.

3. Sales—Return of Property is Not Prerequisite to Recovery of Damages for Breach of Warranty Unless so Stipulated.—Though a buyer who determines to sue for a rescission of contract for purchase of tractor for breach of warranty must return it unless it is worthless for any purpose, he need not return, or offer to return it, where he elects to retain it and sue for damages on the warranty, unless the warranty was conditioned upon a trial and return of the tractor if found unsatisfactory.

4. Sales—Instruction on Measure of Damages for Breach of Warranty Held Correct.—In an action to recover damages for breach of warranty of a tractor sold to plaintiff, an instruction that if the jury found for plaintiff they should allow him the difference, if any, between the fair market value of the tractor, if as represented, and the fair market value in the condition it was at the time of the sale, but not exceeding the amount claimed in the petition, was correct.

5. Sales—Instruction Held Not to Authorize Recovery for Failure of Tractor Due to Unskilled Handling.—In an action for breach of warranty of a tractor, an instruction authorizing recovery if the jury found the tractor was not sustainable or capable of doing the work as warranted necessarily implied that the tractor would not do the work when capably handled, and was not erroneous as permitting recovery if the trouble was caused by the unskillful handling of the tractor, especially where there was no evidence that the trouble was so caused, and no instruction was offered embodying such a theory.

6. Sales—Instruction Held Not to Direct Recovery of Entire Purchase Price for Breach of Warranty.—An instruction specifying the facts on which the jury could find for plaintiff in an action for breach of warranty, and stating that if they found the tractor was without value for the purpose for which it was purchased the jury should find in favor of plaintiff, was not erroneous as directing a recovery of the entire purchase price of the tractor if the jury believed it was worthless for the purpose for which it was made.

7. Appeal and Error—Only Error in Instructing on Breach of Warranty Held Favorable to Defendant.—An instruction, in an action for breach of warranty of a tractor, stating that if the jury found that the defendant had warranted the tractor, in several respects using the conjunction "and," and should further believe that the warranties were untrue, they should find for plaintiff, but otherwise for defendant, was erroneous as requiring a finding of breach of all the warranties to authorize recovery by plaintiff, but that error was favorable to defendant.

C. M. CROWE and J. S. GLENN for appellant.

BARNES & SMITH for appellee.

Opinion of the Court by Judge Clarke—Affirming.

In the spring of 1918, appellee, W. P. Render, who was plaintiff below, purchased of Boyle & Atherton, local merchants, one model C Universal farm tractor, which they warranted to develop a specified horsepower on the belt and at the drawbar, and do certain work in plowing and harrowing ground. Alleging that Boyle & Atherton made the sale and warranty as agents of the appellant,

Missouri Moline Plow Company, and that the tractor was not as warranted, Render instituted this action against the plow company, and recovered a judgment against it for $1,080.00 as damages for the alleged breach of warranty, and the defendant has appealed.

For reversal it is first urged that Boyle & Atherton were independent dealers and not agents of the defendant in making the sale and warranty, and that it was error not to direct a verdict for it, but there is no semblance of merit in this contention. It was alleged in the petition that Boyle & Atherton were the authorized and acting local agents of the defendant, and as such made the sale and warranty. The specific allegation of agency was ignored by the answer, which simply denied that the defendant "by its agents, J. Walter Boyle and Walter Atherton, or either of them," sold the tractor to the plaintiff, or that "this answering defendant, through its said agents, or any agent, or at all, warranted" same, as alleged in the petition.

The insistence for defendant is that the allegation of agency was not essential to a statement of a cause of action and that it therefore was not necessary that it deny such allegation. But admitting, for the sake of argument, that plaintiff could have alleged a sale and warranty by the defendant, and under such general allegation could have proved a sale and warranty by any agent, he nevertheless had the right to plead all of the material facts upon which his cause of action depended, and, having done so, defendant was called upon either to admit or deny every material fact alleged.

The very purpose of pleadings is to inform an antagonist of the facts, and all the facts, relied upon for cause of action or defense, and when one party alleges the facts upon which he relies and must prove, the other must deny such of the alleged facts as he does not admit. Defendant not only did not deny the material allegation of agency, but in denying the sale and warranty, referred to the alleged agents as "its agents," "its said agents," etc., clearly implying an admission that they were its agents, as alleged in the petition.

It is correctly stated in Newman's Pleading & Practice, vol. 1, sec. 402, that:

"The adjudicated cases seem to establish the rule to be that every material allegation, whether it be essential to the cause of action or only necessary to the rights of

the parties, will be regarded as admitted unless specifically denied."

It is next insisted that plaintiff waived his right to rely on the warranty by failing to return, or offering to return, the tractor within a reasonable time, or at all, but as this is an action for breach of warranty, and not for rescission of the contract, and as the warranty was not conditioned upon a trial and return of the tractor if found unsatisfactory, it was not incumbent upon the plaintiff to return or offer to return it.   He had his election to sue for a rescission, in which event he would have had to return or offer to return the tractor, unless it had been worthless for any purpose; or, he could, as he did, retain the tractor and sue for damages on the warranty. Williams v. Shepherd, 181 Ky. 535, 205 S. W. 565; Nichols & Shepard Co. v. Dudderar, 184 Ky. 689, 212 S. W. 923; Church v. Wright Machine Co., 190 Ky. 561, 227 S. W. 1003; Vaughn v. Shady Grove Milling Co., 194 Ky. 326, 239 S. W. 37.   Besides, plaintiff retained the tractor at the request of defendant's agents and in order that they might have an opportunity to make it comply with the warranty, which they and defendant's expert field men unavailingly attempted to do.

The final insistence is, that the instructions given by the court were erroneous and prejudicial.   Only two instructions were given by the court, and they are as follows:

"The court instructs the jury as follows: 1. If you believe from the evidence in this case that on or about the 18th day of April, 1918, plaintiff, W. P. Render, purchased from the defendant, Missouri Moline Plow Co., through it agents, J. Walter Boyle and Walter Atherton, or either of them, a farm tractor mentioned in the evidence, and that said agents in making the sale to him were acting for and on behalf of the defendant in making said sale, and then and there, in order to induce the plaintiff to purchase said tractor, and, as part of the contract of sale and purchase, warranted that it would draw two 14-inch plows when plowing or fallowing land for cultivation, and that it would draw or pull a double 16-inch 12-disk harrow when ordering or fallowing the land, and that it would develop and maintain six horse traction power on its draw bar when used for plowing or harrowing land, and would develop 12 horse power on belt when used for the purpose of propelling

or operating other machinery or appliances in said manner, and would maintain said power regularly and for a reasonable length of time, and that it would do good work and such work as is ordinarily done with farm tractors, and would keep and maintain said tractor in good working and operating condition so that same would at all times perform said services for a period of one year, and shall further believe from the evidence that the plaintiff relied upon said guaranties and representations in the purchase of said machine, and was thereby induced to purchase same, and shall further believe from the evidence that said guaranties and representations, if any, were untrue, and that said tractor was not suitable or capacitated to do the work hereinbefore specified, and that it was without value for the purpose for which it was purchased, then you will find your verdict in favor of the plaintiff, but unless you so believe you will find in favor of the defendant.

"2. If you find for the plaintiff you will find for him the difference, if any, between the fair market value of the tractor if as represented and its fair market value in the condition it was at the time of the sale, but not exceeding the sum of $1,080.00, the amount claimed in the petition."

The second instruction correctly defined the measure of damages, and is not criticised, but it is urged that the first instruction is erroneous: (1) In that it permitted a recovery, although the trouble may have been caused by the inexperience and unskillful handling of the tractor by appellee and his son; (2) in directing a recovery of the entire purchase price of the tractor if the jury believed same was worthless for the purpose for which it was made; and (3) in permitting a recovery of the entire purchase price without any proof that the tractor was worthless when it was bought, or was worthless for any purpose.

As the action was for damages for breach of warranty, a recovery was properly conditioned upon the belief by the jury from the evidence that it "was not suitable or capacitated to do the work" as warranted, and this necessarily implies that it would not do so when properly handled. The instruction is therefore not open to the criticism that it permitted a recovery by the plaintiff if the trouble was caused by the inexperience and unskillful handling of the tractor by plaintiff and his

son. Besides, there is no evidence that the trouble was so caused, and no instruction was offered embodying such a theory. Nor does this instruction direct a recovery of the entire purchase price of the tractor if the jury believed same was worthless for the purpose for which it was made, or at all.

It simply defines the conditions under which a verdict for plaintiff was authorized, and, in our judgment, is incorrect only because the several items of warranty are joined by "and" instead of "or," so that in order to find for plaintiff at all the jury had to believe that the warranty was breached in every respect, and further still, that the tractor was entirely "without value for the purpose for which it was purchased."

As a result, the instruction is so favorable to the defendant that plaintiff could not have recovered at all, except that he proved, practically without contradiction, that the tractor did not fulfill any of the requirements of the warranty, and was entirely without value for the purposes for which it was purchased, or except as scrap iron.

Defendant did not prove, nor offer to prove, that the machine had any value for any other purpose, or what, if anything, it was worth as scrap iron.

Under such proof, it is not surprising that the verdict was for the full amount plaintiff paid for the tractor, and the contention that the verdict, or its size, was due to any prejudicial fault in the instructions, is groundless.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.