## J. B. Colt Company v. Berry, et al.

(Decided February 4, 1927.)

## Appeal from Rockcastle Circuit Court.

1. Sales—Seller, Warranting Lighting Plant to be Automatic, Must Show Failure is Due to Buyer's Neglect.—Where seller warrants lighting plant to be automatic in action, and buyer shows that plant is not automatic, it then devolves on seller in order to recover purchase price to show that failure of plant to work automatically is due to some neglect of buyer.

2. Sales—Buyer, Seeking Damages for Alleged Breach of Warranty, Need Not Tender Article Sold Back to Seller.—Where buyer does not undertake to rescind contract, but only seeks damages for alleged breach of warranty, it is unnecessary that article be tendered back to seller.

3. Sales—Seller's Warranty that Lighting Plant is Automatic Constitutes Warranty that it Will be Automatic for Reasonable Time After Sale.—Seller's warranty that lighting plant is automatic in action does not relate only to its condition at time of sale, but constitutes warranty that it will be automatic in action for a reasonable time thereafter.

4. Sales—Seller's Warranty Will be Construed Most Strongly Against it.—Seller's warranty that lighting plant is automatic in its own language will be construed most strongly against it and in favor of buyer.

5. Appeal and Error—Failure to Tell Jury What was Reasonable Length of Time in Connection with Seller's Warranty that Lighting Plant was Automatic and Submitting Such Question to Jury Held Not Prejudicial.—In seller's action for price of carbide light-

ing plant, failure of court to tell jury what was a reasonable length of time in connection with warranty that plant was automatic and leaving matter to their determination held not prejudicial, where evidence did not show as matter of law that time within which lighting plant got out of order extended beyond reasonable time covered by seller's warranty that it was automatic in action.

6.  Sales—Damages for Breach of Warranty is Difference in Fair Market Value at Time of Sale as Contrasted with Value in Condition of Warranty.—Damages for breach of warranty of lighting plant is difference in fair market value of plant in condition in which it was at time of sale as contrasted with fair market value had it been in condition in which it was warranted to be.

7.  Sales—Evidence Held Insufficient to Support Verdict for Buyer on Breach of Warranty.—Evidence held insufficient to support verdict for buyer on counterclaim alleging breach of warranty in sale of lighting plant.

C. C. WILLIAMS for appellant.

W. N. FLIPPIN and S. D. LEWIS for appellees.

Opinion of the Court by Judge Dietzman—Appeal granted and judgment reversed.

On August 27, 1920, the appellant sold to the appellees for the purpose of lighting their home a carbide gas generating plant, together with certain fittings and fixtures to be used in connection therewith. By the written contract of sale the appellant warranted this generating plant as follows:

"It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters."

The purchase price of this plant, $269.55, was represented by a note executed by the appellees and payable to the appellant one year thereafter. The appellant did not contract to install this plant or the fittings and fixtures, but it seems that it did send a man to the appellees' home to install them for the latter; the appellees paying this man for his work. The generating plant consisting of two tanks, one of which worked into the other, was erected in a little house built for that purpose some distance away from the appellees' home, but on their premises. When the installation work was com-

pleted, the appellees signed a statement that the plant had been installed and was working to their satisfaction. When the year was up the appellees failed to pay their note. By a series of letters extending over a period of about three years, the appellant undertook to get the appellees to pay this note or to explain their failure to do so, but they utterly ignored the correspondence and never answered any of the many letters which they received. Finally in May, 1924, the appellant brought this suit to recover on the note. The appellees answered, asserting a counterclaim against the appellant. They claimed that the appellant had breached the warranty above mentioned, in that the plant furnished was not thoroughly durable or durable at all, was not a galvanized steel acetylene generator, and was not automatic in action, by reason of all of which it was worthless for the purpose for which it was purchased, and for which reason they had been damaged in the sum of $500.00. The counterclaim was duly controverted. The evidence shows that after the plant had been installed it worked satisfactorily for some six or seven months, but that at the end of that time it was not always automatic in action. It seems that when the light was turned on in the house the plant out in the yard ought to have started generating gas, but that after this six or seven months of use above mentioned when the light was turned on in the house the generating plant out in the yard did not start generating gas until some one had gone out into the yard and given one of the tanks comprising the plant a kick, after which gas would be generated. Appellees also say that at the end of the period mentioned when the light was lit in the house it flared up to the ceiling, almost setting the house on fire, and that they then ceased to use the plant and had never used it thereafter. The evidence does not show that this flaring up of the light occurred on more than this one occasion. There is no showing this flaring up of the light was due to any defect in the generator or to anything other than a defect in or a maladjustment of the burner. With the flaring up of the light eliminated, the only question left was whether the warranty had been breached in the failure of the generating plant to work automatically. While the evidence for the appellant shows that there are many reasons why the plant might not work automatically, some of which are the collection of water in the pipes due to the way in which the fixtures are installed in the house, the failure

to clean out the refuse of the old carbide after it has been used in the generation of the gas, and the failure to replenish the tanks with a good quality of carbide and fresh water, yet where, as here, the seller warrants his plant to be "automatic in action," without more, and the buyer shows that the plant is not automatic in action, it then devolves on the seller to show that the failure of the plant to work automatically is due to some neglect of the buyer. This the seller did not do here, but contented itself with showing what might have caused the plant to get out of order without showing what did cause it to get out of order. The court told the jury in substance to find for the appellant on its note, and then to find for the appellees on their counterclaim if the jury thought that the generating plant, when operated in a reasonably skillful and careful manner, was not automatic in action and did not continue so to be when so operated for a reasonable length of time after its installation, and, further, that, if they should find for the appellees on their counterclaim, they should award them such a sum in damages as the jury believed fairly and reasonably represented the difference in value, if any, in the lighting outfit if it had been as warranted and the condition it was actually in, the whole finding on the counterclaim not to exceed the purchase price of the plant. Under these instructions the jury found for the appellant on its note and found for the appellees on their counterclaim in exactly the sum of the purchase price of the plant. From the judgment entered on this verdict the appellant prays this appeal.

It first insists that, inasmuch as the appellees never tendered the plant back to the appellant, they could not recover on the counterclaim herein asserted. The appellant confuses the cause of action asserted by this counterclaim with an attempted rescission. The appellees did not undertake to rescind the contract here involved, but only sought damages for the alleged breach of warranty. In the case of Missouri Moline Plow Co. v. Render, 199 Ky. 776, 251 S. W. 977, a case curiously like the instant one, this court pointed out the applicable law in these words:

> "It is next insisted that plaintiff waived his right to rely on the warranty by failing to return, or offering to return, the tractor within a reasonable time, or at all, but as this is an action for breach of warranty, and not for rescission of the contract, and as the warranty was not conditioned upon a trial and

return of the tractor if found unsatisfactory, it was not incumbent upon the plaintiff to return or offer to return it. He had his election to sue for a rescission, in which event he would have had to return, or offer to return, the tractor, unless it had been worthless for any purpose; or he could, as he did, retain the tractor and sue for damages on the warranty.''

It is next contended that the court erred in its construction of this warranty as evidenced by his instructions to the jury. It is insisted that the warranty that the plant was automatic in action relates only to the condition in which it was in at the time of the sale, and that, as the evidence shows the plant was automatic in action at that time, the warranty was not breached, though the plant in a reasonable time thereafter ceased to be automatic in action. We cannot agree with this contention of the appellant. The warranty that the plant is automatic in operation is simply a warranty that it is so constructed in design and in quality of material and labor used as to be automatic when in operation. The warranty would be of little worth to the buyer unless the design, labor, and materials used produced a plant not only automatic in operation at the moment of the sale, but also for at least a reasonable time thereafter. The average buyer would interpret the language used in this warranty in no other fashion. It is susceptible of such construction, and, as it is the language of the appellant, it will be construed most strongly against it and in favor of the buyer. Such construction must then be adopted. As said in 35 Cyc. 415:

"Notwithstanding the general rule that a warranty relates only to the time of sale, it has been held in some cases that the warranty survives for a reasonable time after acceptance for the discovery of defects that are ascertainable only by use. So too a warranty of the condition or capacity of a machine is broken, although it temporarily fulfills the requirements if it gets out of order from time to time, or under proper management does not ordinarily turn out the stipulated quantity of work. A warranty may by the terms of the agreement be a continuing one and applied to future deliveries under the contract. On the other hand, a warranty may be limited so as to cover only defects discovered within a certain time, in which case the warranty continues in

force only for the designated period, and defects not discovered within the period are at the purchaser's risk, unless the limitation is waived.''

The appellant, however, contends that the court should have told the jury what was a reasonable time and not have left this matter to it for its determination. Conceding without deciding that the appellant is correct in this contention, yet it plainly was not prejudiced thereby because it cannot be said as a matter of law that the time within which this plant got out of order, if it did, extended beyond the reasonable time covered by the warranty.

However, we are of opinion that this case must be reversed because there is no competent evidence to sustain the jury's finding on the amount of damages sustained by the appellees. It is true they testified that this plant was worthless to them, but that is not the criterion. The question is, What was the fair market value of this plant in the condition in which it was at the time of the sale as contrasted with its fair market value had it then been in the condition in which it was warranted to be? Missouri Moline Plow Co. v. Render *supra.* There is no evidence in this record whatever concerning the fair market value of the plant in the condition in which it was at the time of the sale as contended by the appellees. It results, therefore, that the verdict of the jury is not supported by any competent evidence, for which reason the case will have to be reversed.

The motion for an appeal is therefore sustained, the appeal is granted, and the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.