## Ferguson v. James D. Waddle Motor Company.

(Decided November 28, 1930.)

236

W. O. HAYS for appellant.

VIRGIL P. SMITH for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellant was unsuccessful as plaintiff, and he has appealed. James D. Waddle does business in Somerset, Ky., under the trade-name of J. D. Waddle Motor Company. On May 1, 1929, he sold to G. R. Ferguson of Junction City a Plymouth Sedan, for which Ferguson paid him $550 in cash, and delivered him a Chevrolet coach valued at $260 thus making a total of $810. Ferguson testified Waddle told him the Chrysler people stood behind their products and warranted them for 90 days against defects in materials and workmanship, and would make good any such defects. The Plymouth soon began to give trouble. Ferguson testified the radiator leaked, the oil register or oil gauge would not work, and the seams of the cushion ripped, that the wheels lost grease, that it leaked oil, it shimmied, and there was a knock in the motor. On May 25th Ferguson returned the Plymouth to Waddle's Garage and demanded a new car.

Waddle declined to let him have a new car, and Ferguson went away and left the Plymouth. Waddle took the matter up with the company, and at its direction Waddle put on a new radiator, a new oil register, and a

new cushion. On June 29th, Waddle wrote Ferguson that, if he did not come and get the car, he would charge him storage upon it. Ferguson came and got the Plymouth and began the use of it. In a few days, while he was operating it near Junction City, the oil line broke. Whether Ferguson then knew this or not does not appear, but he continued to use the car in that condition. By its operation in this condition the oil was pumped out and lost. When the oil was exhausted, the connecting rods burned out.

Ferguson telephoned to Waddle, and Waddle came, got the car, took it to Somerset, and repaired it. Ferguson again got the car, and, after a few days, he began this suit against Waddle, claiming the car was defective and not worth over $50, which, deducted from $810, left $760, for which he asked judgment, also for $66 taxi hire and $35 lost time, or a total of $861. The issues were submitted to a jury, which found for Waddle.

Ferguson moved for a new trial, claiming the verdict was not sustained by the evidence, and that the court erred in ruling on the evidence and in instructing the jury. His motion was overruled, and he is here. The court instructed the jury the law was for the plaintiff if they found from the evidence the representations made plaintiff were untrue and the car was defective and the defects were not permanently repaired. We see no fault in that instruction. Plaintiff claims the court erred in inserting the words "and the defects were not permanently repaired." The warranty made was, not that defects would not be found, but that such defects would be made good. He complains of the instruction on the measure of damage because the court told the jury the finding for plaintiff, if any, should be the difference between the reasonable market value of the car he got and the reasonable market value of the car as warranted and represented to him. He contends this should have been the difference between the reasonable market value of the car he got and $810.

The instruction given was not erroneous. Ferguson may have paid too much for the car in the first place, if it had been all it was represented to be. With these exceptions the instructions given were those offered by Ferguson. Plaintiff contends the verdict is palpably against the evidence. The evidence was conflicting. There was sufficient evidence to support a verdict for

either party, and, unfortunately for Ferguson, the jury believed that introduced by his adversary. No other ground for reversal is relied on here.

The judgment is affirmed.