## Rudolph Wurlitzer Co. v. Kaufman-Straus Co.

(Decided April 19, 1938.)

150

TRABUE, DOOLAN, HELM & HELM and WATSON CLAY for appellant.

LAWRENCE S. LEOPOLD for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

On June 9, 1933, the Rudolph Wurlitzer Company sold to and installed for Kaufman-Straus Company refrigerating equipment in its fur storage room, water cooling system, and kitchen refrigerator. The consideration was $2,300 which was later reduced by discount to $2,000. The contract contained representations of economy over the purchaser's old systems and warranties as to the operation of the machinery, the maintenance of certain temperatures, and in other particulars. On February 4, 1936, the Kaufman-Straus Company sued the Rudolph Wurlitzer Company for damages for breach of the warranties. It claimed a failure of the entire consideration of $2,000 and damages in the sum of $900 for loss of business consequent upon the failure of the equipment to maintain proper and suitable refrigeration in the fur storage room, judgment being sought for $2,900. A verdict for $1,500 was rendered for the plaintiff, and the defendant appeals.

The evidence for the plaintiff is that the equipment gave trouble and did not properly function from the beginning, and that at no time did the equipment meet the terms of the warranties in relation either to mechanical operation or temperature. The effect of the plaintiff's evidence is that the failures were due to inherent defects and inability of the machinery to produce the refrigeration contemplated and warranted. The evidence of the defendant is that the difficulties encountered from time to time were due to this thing or that, principally the condition of structures being cooled and the plaintiff's methods of operation. In the matter of installation, insufficient electric power and certain temporary deficiencies the defendant undertook to and did adjust and remedy these under its agreement guaranteeing the equipment to satisfactorily meet the purchaser's requirements as outlined, and to be free of mechanical defects for a period of three years. The evidence in respect to the breach of the warranties was unquestionably sufficient to take the case to the jury.

But there was a fatal failure of proof as to the

measure of damages. That measure is prescribed by the statute and judicial pronouncement to be, "the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty." Section 2651b-69, Statutes; Missouri Moline Plow Company v. Render, 199 Ky. 773, 251 S. W. 977; Ferguson v. James D. Waddle Motor Company, 236 Ky. 235, 32 S. W. (2d) 1001; Vandiver v. B. B. Wilson & Company, 244 Ky. 601, 51 S. W. (2d) 899; Black Motor Company v. Foure, 266 Ky. 431, 99 S. W. (2d) 177; Hauss v. Surran, 168 Ky. 686, 182 S. W. 927, L. R. A. 1916D, 997; Paducah Hosiery Mills v. Proctor & Schwartz, 210 Ky. 806, 276 S. W. 803. It was undertaken to have a witness, who had made a survey of the fur room equipment about two years after it was installed with the view of selling the plaintiff a new system, to state its value about the time of its installation, but all that the witness said was, "I would say the equipment is not worth over $100.00 or $125.00 today." He was testifying in November, 1936, and the equipment had been removed in the spring of 1936. It appears also that the witness took into consideration depreciation and obsolescence and was treating the equipment as second-hand or used machinery. The plaintiff's general manager testified that this equipment was of "no value whatsoever" when "the suit was filed," which was February 4, 1936. Concerning the water cooling apparatus, his testimony was that "It is of no value to us in its present form." This refrigeration had been retained and continued in use all the time. There was no evidence whatsoever relating to the value of the kitchen refrigeration at any time.

The statute, section 2651b-69, further gives to a purchaser the right to recover any loss directly and naturally resulting in the ordinary course of events from the breach of a warranty. The evidence tended to prove that the plaintiff had lost certain business by reason of the improper refrigeration of its fur storage plant, and we think this was properly submitted.

The instructions outlined the warranties as including the duty of furnishing equipment that would produce the stipulated temperatures by reducing the size of the motors to decrease the cost of operation by more than 66 per cent. below the equipment replaced. It may be doubted if this was such an assurance as amounted to a warranty in law—a question we do not decide. But

whether so or not, there was no evidence showing any difference in the cost of operating this equipment and that which it had supplanted.

We think it was error to overrule the defendant's motion to strike from the petition allegations relating to the satisfaction which the plaintiff's old equipment had given it and which it was induced to have removed and replaced.. This was immaterial and irrelevant. Section 121, Civil Code of Practice; Hale v. Grogan, 99 Ky. 170, 35 S. W. 282, 18 Ky. Law Rep. 46; City of Princeton v. Baker, 237 Ky. 325, 35 S. W. (2d) 524. This, of course, would have been harmless except that the court let in evidence upon that point. The issue was not the relative merits of or satisfaction with the two systems or methods of refrigeration. It was whether the warranties under which the defendant sold its equipment had been breached to the purchaser's damage. The court should have also excluded such parts of the testimony of the plaintiff's president as related to certain oral representations and inducements made by defendant's agents as were not contained in the written contract.

The judgment is reversed.