### SPARKS et al. v. DOSS.

Court of Appeals of Kentucky.
Dec. 5, 1952.

Russell O'Neill, Central City, for appellant.

Arthur T. Iler, Central City, for appellee.

SIMS, Justice.

Appellee brought this action to rescind a contract for the purchase of an automobile on the ground of breach of warranty. The jury awarded her $1000 damages but did not rescind the contract. The seller of the car seeks to reverse the judgment entered on the verdict because: 1. The court erred in not directing a verdict in his favor; 2. the instructions were erroneous. On her cross-appeal the purchaser seeks a reversal because: (a) The instructions did not submit to the jury the question of rescinding the contract; (b) the court erred in not sustaining her motion to deliver the car to her.

The petition avers that on July 6, 1948, appellee bought a new Kaiser automobile from appellant for which she paid $2235 cash; that she informed appellant she desired to use the car in her business as a home demonstrator and would be traveling the highways alone and wanted a reliable car which would serve her without unusual breakdowns, and, to induce her to buy it, appellant orally warranted the car would serve that purpose and she relied upon his warranty; that upon her purchasing the car, appellant gave her a writing warranting the car against defects in the material and workmanship for 90 days or 4000 miles, "whichever event shall occur first".

The petition further averred that within two weeks after she bought the car the chrome came off the side, the transmission went bad and she returned the car to appellant and asked for her money back, and that appellant persuaded her to give him an opportunity to make good on his warranty; that he repaired the car but it was never satisfactory and she returned it to him again within 90 days and demanded her money and he again repaired it and said he would make it work. Again the repairs did not last and on September 18, 1949, she tendered him the car, asked for her money back and when he refused, she left the car at his garage. On October 6, 1949, she filed this action. The answer was a general denial.

Appellee substantially proved the averments of her petition. There is no great contrariety in the proof. Martin Weatherford, one of appellant's mechanics who repaired the car the first two times appellee brought it back, testified, "We found the low gear in reverse; slipped gear, it was bad. Q. Anything wrong with the shift? A. Both." The transmission was removed from the car and taken to Evansville, Indiana, and repaired. In a short time the transmission again gave trouble and when Weatherford went into it he found, "It was in low, in reverse, slipped gear. * * I put in a new main drive pinion and new low reverse gears, and new drive on the main drive pinion." There was testimony in behalf of appellant that the trouble with the transmission was caused by improper driving, but appellee's proof was that the car had never been improperly driven or abused. Appellee testified she took the car back to appellant four times to repair the transmission; also, that the clutch, brakes, automatic choke and the doors had given her trouble.

Appellant bases his defense on the ground the only warranty he gave on the car was the one in writing covering defective material and workmanship for 90 days or 4000 miles, and he had fully complied with that warranty by repairing the car and putting in new parts every time it was brought to his garage during the 90 day period. But appellee testified every time she took the car to him she demanded appellant take the car back and return her money, and each time he promised to make the car operate efficiently. She is somewhat corroborated by the fact appellant repaired the drive shaft free of charge in May 1949, some ten months after she purchased it.

As there was a conflict in the evidence as to what warranties appellant gave appellee and as to whether he properly repaired the car, the court rightfully submitted the case to the jury. Appellant insists that the only warranty upon which he could be liable is the one in writing, which covered the 90 day or 4000 mile period, and the evidence shows he complied with it. We

cannot agree. Appellee's pleading and proof show in addition to the written warranty, appellant orally warranted to her the car would serve the purpose for which she bought it. Also, as just stated, there is a conflict in the evidence as to whether appellant properly repaired the car.

 The first instruction places upon appellant the duty of "permanently" repairing any defect of workmanship or material which developed in the car within the period of 90 days or before it had been driven 4000 miles. In Ferguson v. James D. Waddle Motor Co., 236 Ky. 235, 32 S.W.2d 1001, we approved an instruction relating to the warranty of an automobile and said if the defects were not "permanently" repaired, the law was for the plaintiff. That instruction appears in full in Stanley on Instructions to Juries, § 145, p. 179. "Permanently" as used in the instant case does not mean a repair which would last forever, but means a repair which was not just temporary. Evidently, this is the sense in which "permanently" was used in the instruction in the Ferguson case.

Appellee on her cross-appeal is in no position to complain of the instructions, since she offered them. True, her petition asked for a rescission of the contract and the jury might have granted it under the proof had her instructions covered rescission, but she is bound by the instructions that she offered even though they were not authorized by her pleading. Chesapeake & O. R. Co. v. Boren, 202 Ky. 348, 259 S.W. 711; Junius H. Stone Corp. v. Princeton Ice & Storage Co., 212 Ky. 404, 279 S.W. 642; Snyder v. Hudson, 223 Ky. 525, 4 S.W.2d 410. In Damron v. Stewart & Weir, 253 Ky. 394, 69 S.W.2d 685, it was written that although the familiar rule is instructions must rest upon the pleadings supported by the evidence, the appellant could not complain of an instruction based upon an implied contract when an express contract was pleaded, since he offered a similar instruction. Nothing is better settled in this jurisdiction than that a party may not invite an error and then complain of it. Hopper v. Barren Fork Coal Co., 263 Ky. 446, 92 S.W.2d 776.

Appellee makes some complaint in her brief about the court interlining the instructions. There are two answers to this. First, the interlineation, if actually made, was immaterial. Second, there is nothing in the record to show any such interlineation or that appellee objected thereto.

The second point raised by appellee on her cross-appeal, that the trial judge should have ordered appellant to deliver the car to her, is not properly before us as there is no order or judgment in the record relative to the title to the car. It appears from the record that appellant is not claiming title to the car, but is only holding it to assert a possessory lien he claims appellee owes for storage on it from September 18, 1949, the date she left the car in front of his garage. The trial judge has never decided the amount of storage due appellant, but only that he had a right to hold the car until the question of storage was determined. We are not in a position to rule on this question of storage as the record does not show the trial judge has ruled thereon.

The judgment is affirmed on both the appeal and cross-appeal.