### WHITE MOTOR CO., Inc. v. JOHNSON.

Court of Appeals of Kentucky.

Feb. 6, 1953.

W. A. Johnson, Paintsville, for appellant.

Wheeler & Wheeler, Paintsville, for appellee.

STANLEY, Commissioner.

The appellee, Levi Johnson, bought a new Ford truck from the appellant, White Motor Company, a dealer, for which he paid $1,734.21, plus the usage tax and license fee. He filed this suit to recover damages for breach of warranty, claiming the full purchase price of the truck and $600 for loss of its use. He recovered judgment for $1,500.

The cause of action rests on the general allegation that the defendant, White Motor Company, warranted the truck to be of the "best material and workmanship and that it would do and perform the services for which it was purchased." The truck was purchased for use on the plaintiff's farm and in hauling livestock, of which he was a dealer, as well as for general use of his family. It is alleged and shown that the defendant knew of this purpose.

The plaintiff proved that from the beginning he had great trouble with the truck and that within three weeks he took it back to the defendant and reported its extreme defects. He had then driven the machine about 300 miles. We have considered in detail the plaintiff's story and its corroboration of continuous trouble and vexatious experiences. He had returned the truck to the defendant for repairs 20 or 25 times and each time was assured that it would be put in good condition. That was never done. Upon two occasions expert mechanics from the Cincinnati plant of the Ford Motor Company worked on the truck but did not remedy the defects. During the period of a year or more before he brought the suit, the plaintiff was compelled to hire other trucks to do his hauling and incurred other expenses in taking the car back to the defendant's garage. An itemized statement was filed. We think the plaintiff fully sustained a breach of implied warranty. Of course, the defendant's testimony tended to show that the truck was not as defective as the plaintiff claimed and was put in good condition from time to time.

The plaintiff testified that when he purchased the truck, the defendant's manager told him it "had ninety days or 4,000 miles warranty against any defects in workmanship." However, he finally conceded that this was the written express warranty of the Ford Motor Company contained in a manual issued by it and given to him when he bought the car. That warranty, omitting certain provisions irrelevant here, reads:

"The Ford Motor Company warrants all such parts of new automobiles, trucks, and chassis, except tires, for a period of ninety (90) days from

the date of original delivery to the purchaser of each new vehicle or before such vehicle has been driven 4,000 miles, whichever event shall first occur, as shall, under normal use and service, appear to it to have been defective in workmanship or material. * * * This warranty is expressly in lieu of all other warranties expressed or implied and all other obligations or liabilities on the part of Ford Motor Company, and no person including any dealer, agent or representative of the Ford Motor Company is authorized to make any representation or warranty concerning Ford Motor Company products on behalf of the company, except to refer purchaser to this warranty."

■ The trial court admitted this warranty in evidence and in effect held that the defendant was responsible for any breach of it on the ground that as a sales agent of the manufacturer it had adopted the warranty as its own. It is to be observed that the warranty declares no dealer, agent or representative may make any representation or warranties on behalf of the manufacturer "except to refer purchasers to this warranty." The question whether or not a dealer in delivering this manufacturer's warranty adopts it as his own presents a controversial question involving the principle of privity of contract. See Williston on Sales, Secs. 233, 244a. Not in point are those cases of liability of the manufacturer of a defective automobile or other article purchased from a dealer for injuries sustained by reason of the defects, as in Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S.W. 1047, 37 L.R.A., N.S., 560, Ann.Cas.1913B, 689, or for breach of the manufacturer's warranty made by an authorized agent, as in Missouri Moline Plow Co. v. Render, 199 Ky. 773, 251 S.W. 977, or some foreign cases perhaps closer in point of fact. In them the manufacturer was a party defendant. We need not go into the question here because the case was submitted under an instruction of breach of an implied warranty that the truck was free from defects and was suitable to perform the purposes

for which it was bought. See Stanley's Instructions to Juries, Sec. 689, publishing instructions approved in Day Pulverizer Co. v. Rutledge, 238 Ky. 817, 38 S.W.2d 949.

On the facts, the instant case is almost identical with Sparks v. Doss, Ky., 253 S. W.2d 245, affirming a judgment for breach of warranty of an automobile. In that case the dealer seems to have accepted responsibility under the manufacturer's warranty. However, we found the evidence sufficient to sustain a verdict for breach of an implied warranty that the automobile was reasonably suitable for the purpose for which it was bought. KRS 361.150. Indeed, sometimes a machine so fails to accomplish the purpose for which it is bought that the court is justified in holding it not to be a merchantable article and that there was no delivery of that which was bought. Myers v. Land, 314 Ky. 514, 235 S.W.2d 988.

■ Concerning the contention that the appellee must have promptly offered to return the truck and to rescind the contract, we point to the fact that it was returned within three weeks and continuously thereafter for repair, and the defendant continuously assured the purchaser that it would be put in good condition and repeatedly undertook to make it work properly. In any event, the purchaser had the right of election to rescind or to sue for damages, and he elected the latter remedy. Frick Co. v. Wiley, 290 Ky. 665, 162 S.W. 2d 190.

■ Objection is made that the court interpolated in the instruction on the measure of damages offered by the plaintiff a provision allowing reasonable compensation for the loss of the use of the truck not to exceed $600, the amount prayed. It was proper for the court so to amend the instruction although not requested by the plaintiff. It is true, as the appellant submits, that there was no specific evidence as to the reasonable rental value of a like truck during the period the plaintiff was deprived of his machine. But he submitted an itemization of payments made on that account. This seems to be sufficient, there

being no question as to the reasonableness nor indication in the verdict of an unusual award on this account. As we have stated, the verdict was for $1,500 for all damages. In arguing that there was no evidence as to the value of the truck or its diminution, the appellant overlooks the testimony of the appellee that if the truck was in the condition it was supposed to be and as recommended to him, it was worth what he paid for it, $1,785.85, and that the fair and reasonable market value of the truck in the condition it actually was in was $535. This indicates that there was an allowance of $250 for the loss of the use of the truck, which was well within the amount proved.

The judgment is affirmed.