CAMPBELL MUSIC CO., Inc. v. SINGER.

No. 1327.

Municipal Court of Appeals
District of Columbia.

Argued May 4, 1953.

Decided June 11, 1953.

Rehearing Denied June 29, 1953.

Daniel J. Freed, Washington, D. C. (Albert F. Adams and Ford, Bergson, Adams & Borkland, Washington, D. C., on the brief), for appellant.

Jack Politz, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant delivered to appellee a combination radio-phonograph-television set, the purchase price of which was $771.40. Appellee paid $20 deposit and five weeks later paid $400. After having had the set for over fifteen months appellee brought this action to cancel any and all agreements respecting said set and to recover the $420 he had paid. The theory of the action was that the set had been guaranteed to the "personal satisfaction" of appellee and that from the time of its receipt it had proved unsatisfactory. Appellant counterclaimed for $351.40, the balance of the purchase price, and $17.86 for repairs and parts. A jury found for appellee for $210 (one-half of the amount sought) and also found against appellant on its counterclaim.

The single question raised on this appeal is whether under the circumstances of this case the trial court should have ruled as a matter of law that the television set had been retained by appellee for an unreasonable length of time and that such retention barred his right to return the set, rescind the agreement and recover the amount paid.

■ Where goods have been delivered to a buyer he cannot rescind the sale for breach of warranty "if he fails to notify the seller within a reasonable time of the election to rescind".[1] What constitutes a reasonable time is ordinarily a question of fact, but where the facts are clear and support but one inference, the question is one of law.[2] There are numerous authorities holding periods less than fifteen months to be unreasonable as a matter of law.[3] However, there is no arbitrary test for determining what is a reasonable time. The question must be resolved on the particular facts of each case.

The facts of this case are that appellee made a $20 deposit before receiving the set and, although he testified it was unsatisfactory from time of delivery, he paid $400 on account about five weeks after receiving it. At his request appellant made about ten service calls, three of which occurred before appellee made the $400 payment. During 1951 for a period of four months he made no complaint and called for no service. Then after several intervening complaints and service calls six months more went by without a complaint. Finally, approximately sixteen months after delivery, appellant voluntarily took the set back in order to test its working conditions in an attempt to satisfy appellee so he would pay the balance, appellee having returned two statements of account with the notation "please fix set satisfactorily so I can pay bill." About a month thereafter, while the set was still in possession of appellant, appellee brought this action.

■ Whether the transaction be treated as a sale with warranty of personal satisfaction or delivery on approval, it is our opinion that as a matter of law fifteen months was an unreasonable length of time to retain and use the set and then reject it

1. Code 1951, § 28–1507(3). See also Code 1951, § 28–1203, providing that when goods are delivered on approval, title passes unless notice of rejection is given within a reasonable time.

2. Rondinella v. Southern R. Co., 33 App. D.C. 65, 78.

3. Annotation, 72 A.L.R. 726.

as unsatisfactory. It is true that delay in giving notice of rescission may be excused if induced by acts or promises of the seller, but there was no evidence here that appellee ever contemplated returning the set and was induced by appellant not to do so. The long period of retention despite immediate knowledge that the set was unsatisfactory, the substantial part payment several weeks after delivery, the four and six months periods of silence on the part of appellee, all support but one conclusion. Appellee failed to act within a reasonable time and thereby waived his right to return the set. "A buyer loses his right to rescind and recover the price paid by continuing to treat the property as his own." Orrison v. Ferrante, D.C.Mun.App., 72 A. 2d 771, 774.

The conclusion reached above does not fully dispose of the case as disclosed by the record. Although appellee filed his complaint on the theory of a rescission, the case appears to have been submitted to the jury as if the complaint was one for damages for breach of warranty. In charging the jury the court in its opening sentence stated that appellee was suing "for alleged breach of warranty." And the jury were instructed that if they found "the goods were defective" then they should find for appellee "in an amount measured by whatever damages you find were suf-

fered." These instructions were totally inconsistent with a claim for rescission, for one cannot rescind for breach of warranty and at the same time recover damages for the breach.[4] The jury's finding for appellee in the sum of $210 is consistent with a claim for damages but is inconsistent with a claim for rescission, because in case of rescission the buyer is entitled to the full amount paid.[5] No objection was made by either party to the submission of the issue of damages for breach of warranty, and we therefore treat the issue as having been raised by the pleadings.[6] In case of breach of warranty one is not compelled to seek rescission. He may keep the goods and set up against the seller the breach by way of recoupment in diminution of the price,[7] and that appears to be actually the way the case was tried. We see no reason why the jury's verdict on damages cannot stand, but it follows that appellant was entitled to judgment for the balance of the unpaid purchase price less the amount of damages for breach of warranty. We are in a position to dispose of the case finally without ordering a new trial. We therefore reverse the judgment and remand with instructions to enter judgment for appellant for its claim of $369.26 less $210, or a net of $159.26, with return of the television set to appellee on payment of such judgment.

Reversed and remanded with instructions.

4. Simmons v. Brooks, D.C.Mun.App., 66 A.2d 517.

5. Code 1951, § 28–1507(1) (d).

6. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Municipal Court Civil rule 15(b).

7. Code 1951, § 28–1507(1) (a).