920

**PALMER v. LONG.**

Court of Appeals of Kentucky.

Jan. 15, 1954.

Richardson & Barrickman, Glasgow, for appellant.

Richard L. Garnett, Marion Vance, Glasgow, for appellee.

WADDILL, Commissioner.

This action was instituted by appellant, John R. Palmer, against the appellee, C. W. Long, for the balance due on a note in the sum of $1,300. The note was secured by a contract for the conditional sale by appellant to appellee of a used caterpillar bulldozer. Appellee filed a counterclaim alleging the contract of sale was induced by fraudulent misrepresentations. Judgment was for appellee in the sum of $100 on his counterclaim.

At the time the contract was entered into, in September, 1947, both parties resided in Danville, Illinois and the contract was executed at that place. Appellee, Long, purchased the bulldozer for the purpose of clearing brush and stumps from a farm near Glasgow, Kentucky, to which he moved soon after buying the bulldozer.

Long's own testimony discloses that at the time the bulldozer was purchased, it was not in working condition. In Long's words, " * * * weeds had growed up all around it. I thought there was something funny about that. We looked it over, started to start the motor, didn't have no magneto on it."

Before the sale was consummated Palmer told Long that the bulldozer would not be in working condition even for light work until the tracks and rollers were repaired. Long admitted this.

Long's claim of fraud is based upon statements allegedly made to him by Palmer to the effect that the bulldozer was in good working condition with the exception of the tracks and rollers. There was an issue of fact for the jury on this question.

In Kentucky Electric Development Co.'s Receiver v. Head, 252 Ky. 656, 68 S.W.2d 1, 3, the rule is stated as follows:

"The general rule is that an action can be maintained on the ground of fraud, deceit, or misrepresentation when it is alleged and proven the defendant made a material misrepresentation; it was false when he made it; he knew it was false or made it recklessly without any knowledge of its truth, as a positive assertion; it was made with the intention of inducing the plaintiff to act or that it should be acted upon by him; and that he acted in reliance upon it, and thereby suffered injury. * * *

"Where fraud has been committed in the obtaining of a contract, it may be taken advantage of in two forms: (1) By an affirmance of the contract and a recovery of damages for the injury; (2) by a disaffirmance of the contract and a recovery of the thing parted with as the consideration. * * *"

Appellee elected to affirm the contract and sue for damages by way of counter-claim.

■ Instruction No. 4 of the court's instructions to the jury reads as follows:

"If you find for the Defendant, C. W. Long, on his counter-claim, you will find for him such an amount in damages as you believe he suffered, if any, and in your finding you will find for the value of the trailer truck traded in by Long to Palmer, in a sum not to exceed $1200.00, and you will find for him such further sum as you believe from the evidence that Long was required to expend in repairing said bulldozer, if any, not to exceed the sum of $1526.67; you will find for the Defendant such further sum as you believe he was required to expend if any, in telephone calls and expense money in attempting to get said bulldozer in operating condition, not to exceed the sum of $150.00; total finding for Defendant, C. W. Long, if any, shall not exceed $2876.67."

This instruction is erroneous in that it allowed the jury to include in the damages the sums spent by Long in repairing tracks and rollers of the bulldozer as well as telephone calls and expense money paid out in an attempt to get the tracks and rollers repaired.

■ The proper measure of damages was the difference between the value of the bulldozer at the time of delivery and the value it would have had if it had answered the warranty. Rudolph Wurlitzer Co. v. Kaufman-Straus Co., 273 Ky. 149, 116 S.W. 2d 305.

The judgment is reversed for proceedings not inconsistent with this opinion.