Lauretha C. TALLEY, Appellant,

v.

CAMPBELL MUSIC COMPANY, Inc.,
a corporation, Appellee.

No. 3848.

District of Columbia Court of Appeals.

Argued Feb. 21, 1966.

Decided June 1, 1966.

Thomas G. Laughlin, Washington, D. C., for appellant.

Albert F. Adams, Washington D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

MYERS, Associate Judge:

Appellant sued the Campbell Music Company for "breach of express and implied warranty" in a contract for the sale to her of a combination radio-phonograph, alleging that the instrument was "defective, not functionable, merchantable or fit for the purpose for which it was sold." She demanded damages in the amount of $228.34, representing the purchase price of the phonograph plus a small repair bill which she had incurred. The company denied any breach and counter-claimed for the balance due on the purchase price of the instrument. At the close of appellant's evidence the trial judge directed a verdict in favor of appellee, which in turn dismissed its counter-claim. This appeal followed.

In granting appellee's motion for a directed verdict, the trial judge found: (1) that appellant had failed to prove breach of warranty as appellee had offered to replace the defective motor but that appellant had refused this offer, although it was still available to her; and (2) that appellant had not proved damages.

Appellant introduced evidence that in April 1962 she purchased from appellee a console model combination radio-phonograph for $219.00 which was represented to her as being new. She testified she paid $25.00 as a down payment and agreed to pay the balance in monthly installments. Appellant further testified that from its delivery to her in April 1962 the phonograph failed to operate properly and that she made numerous complaints to appellee. As part of her case she sought to establish that the machine sent her was not new but was one which appellee had in its shop for repair. In February 1963 a service man sent by appellee determined that the phonograph had a defective motor. Appellant stated that when appellee did not replace the faulty motor she did not make her final monthly payment, due March 1963, and brought the instant suit. Appellant admitted she still had possession of the phonograph.

If appellant made out a *prima facie* case, a motion for a directed verdict at the close of her proof should have been denied. In ruling on appellee's motion, the trial judge was required to construe the evidence most favorably to appellant, thereby giving her the full effect of every legitimate inference to be drawn therefrom.[1] If upon the evidence so construed reasonable men might differ, appellant made out a *prima facie* case and the factual questions raised should go to the jury for determination; on the other hand, if on the evidence

1. Napier v. Safeway Stores, Inc., D.C.App., 215 A.2d 479 (1965); American Marietta Co. v. Griffin, D.C.App., 203 A.2d 710, 711 (1964).

reasonable men could reach only one conclusion—and that adverse to appellant—the motion was correctly granted.[2] To make out a *prima facie* case, Mrs. Talley was not required to present an unassailable case, but had the dual burden of establishing a strong enough case to at least raise an inference of liability on the part of appellee and of offering evidence adequate to afford a basis upon which the jury could predicate an award of damages in the event it found in her favor on the question of liability. A mere scintilla of evidence would not discharge this burden or justify the denial of the motion.[3] Appellant asserts that her evidence met the standard demanded of her.

We do not decide whether appellant carried her burden on the issue of liability for we find she did not prove damages.

When a seller delivers damaged or defective merchandise or equipment under a contract of sale and upon notification fails or refuses to correct the deficiency, the buyer may elect to affirm the contract and sue for damages, or he may rescind the contract and recover the purchase price paid.[4] If the buyer affirms the sale, his recovery is limited to the difference in the value of the goods as delivered and the value they would have had if they had met the warranty.[5] In other words, the proper measure of damages would be the cost of replacing or repairing the damaged or defective portion.[6] If the buyer elects to rescind, he must within a reasonable length of time after delivery offer to return the goods.[7] In case of breach of warranty, the buyer need not proceed by way of rescission but may keep the merchandise and seek recoupment by way of diminution of the purchase price under the contract.[8]

Here, appellant presented no evidence upon which to determine the difference between the value of the phonograph as received and its value as warranted, or the cost of repair—the measure of damages applicable in breach of warranty, the theory of her complaint. Neither did she seek recoupment in diminution of the purchase price.[9] Rather, she sought to recover, and produced evidence with reference to, the purchase price of the instrument—the measure of damages appropriate in a suit for rescission but inconsistent with the fact that at no time did she return or offer to return the phonograph to appellee.

Because of the variance between appellant's theory of recovery and her proof of damages, we must hold appellant failed to establish a *prima facie* case entitling her to go to the jury, and the trial judge properly granted appellee's motion for a directed verdict.

Affirmed.

CAYTON, J., dissents.

2. American Marietta Co. v. Griffin, supra, note 1; Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380 (1938).

3. Tobin v. Pennsylvania R. Co., 69 App.D. C. 262, 100 F.2d 435 (1938), cert. denied, 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1040 (1939); Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944); Holmes v. Stahl, D.C.App., 190 A.2d 102 (1963).

4. 3 Williston, Sales § 604 (1948); Western Electric Company v. William Sales Company, 236 F.Supp. 73 (M.D.N.C. 1964); Reynolds Brothers, Incorporated v. Dodson, 380 S.W.2d 678 (Tex.Civ.App. 1964); Leiman-Scott, Inc. v. Holmes, 142 Mont. 58, 381 P.2d 489 (1963); White Motor Co. v. Johnson, 254 S.W.2d 931 (Ky.1953). See and compare, Seely v. White Motor Company, 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 (1965).

5. Discount Motor Sales, Inc. v. Shubrooks, D.C.Mun.App., 163 A.2d 818 (1960).

6. Morfessis v. Sterling Metalware Company, D.C.App., 193 A.2d 66 (1963).

7. Campbell Music Co. v. Singer, D.C.Mun. App., 97 A.2d 340 (1953).

8. Campbell Music Co. v. Singer, supra, note 7. See: The Uniform Commercial Code, enacted into law on December 30, 1963, and effective January 1, 1965, which provides the remedies now available for the buyer in cases of sales. D.C.Code, Supp. V 1966, Title 28, §§ 2-711 through 2-725.

9. See Campbell Music Co. v. Singer, supra note 7.